[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff's complaint alleges that he was injured when his car collided with a motor vehicle owned by the State of Connecticut and operated by a state employee, the defendant Gregory Waring. Paragraph 3 of the Complaint alleges that Waring was an employee of the defendant State of Connecticut, and acting in the course and scope of his employment when the collision occurred. The complaint contains one count, addressed to both defendants.
The defendant Gregory Waring has moved to strike the complaint on the basis that he was a state employee at the time of the accident, and was acting in the scope of his employment and that he is immune from suit under section4-165 of the General Statutes. Section 4-165 provides that a state employee is not personally liable for damage or injury caused in the discharge of his duties or within the scope of his employment where his conduct is not wanton, reckless or malicious. On a motion to strike the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true. Blancato v. Feldspar Corporation,203 Conn. 34, 36, 37. On the face of it the complaint contains allegations which make Waring personally immune under section 4-165. The plaintiff, however, relies on section 52-556 of the general statutes, which provides as follows: "any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned or insured by the State against personal injuries or property damage shall have a right of action against the State to recover damages for such CT Page 475 injury." (emphasis added). This statute does not, as claimed by the plaintiff, give him the right to bring suit against Waring. It creates a cause of action against the State only.
Under the current state of the pleadings, however, Waring cannot be eliminated as a defendant on the motion to strike that has been filed. The complaint does state a cause of action against the State of Connecticut, based on section52-556 even though the plaintiff may not have a cause of action against Waring. In short, a proper and a defective cause of action are alleged in one count of the complaint. In such a case, a motion a strike cannot be granted. Rowe v. Godou, 209 Conn. 273, 279. Where more than two causes of action are combined in one count, the proper motion is a request to revise under section 147(3) rather than a motion to strike under section 152(4) Rowe v. Godou, supra, 279.
The motion to strike is denied without prejudice to the filing of a request to revise to separate the first count into two counts and the right to file a subsequent motion to strike.
ROBERT A. FULLER, JUDGE