[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#104)
The plaintiff, John Skovron, brought his complaint in three counts alleging breach of an oral contract, quantum meruit and unjust enrichment against the defendants, Belgrail Corporation and Edith Press. The alleged facts are that Skovron and the defendants entered an oral contract wherein Skovron would provide landscaping material and services. Skovron provided the services and demanded payment of $35,484.91, the balance due after a $3,000 deposit was taken into consideration. The defendants failed to pay and this case ensued.
The defendants now move to strike the complaint on the ground of legal insufficiency in that the alleged contract is unenforceable under the Home Improvement Act, Conn. Gen Stat.20-418 et seq. They argue that plaintiff has neither alleged that he possesses a valid certificate of registration as a home improvement contractor nor alleged that the contract was in writing, as the Act requires. They argue that his failure to comply with the Home Improvement Act renders all three counts of the complaint legally insufficient.
The plaintiff argues that he was not required to comply with the Home Improvement Act because the property was not a private residence or dwelling place, but a commercial venture. It is however, since the plaintiff's argument imparts facts outside the pleading, they cannot be considered by the court on a motion to strike. See Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 18, (1979).
The motion to strike contests the legal sufficiency of the complaint. Practice Book 152 (1990). It admits all facts CT Page 4087 well pleaded, but does not admit legal conclusions. Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988), and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278 (1988).
Conn. Gen. Stat. 20-429 provides that "(a) No home improvement contract shall be valid or enforceable against an owner unless it: (1) is in writing. . . ." It is submitted that because plaintiff has alleged an oral contract in count one of the complaint, that count is legally insufficient. In addition, there is no recovery in quantum meruit or unjust enrichment where a contractor has not complied with the requirements of the Home Improvement Act. Barrett Builders v. Miller, 215 Conn. 316 (1990). Accordingly, it is found that the second and third counts of the complaint are legally insufficient. The motion to strike is granted.
JOHN J.P. RYAN, JUDGE