[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This action is in two counts. The first count alleges that the defendant is a licensed pharmacist who was employed by the plaintiff for a period of approximately seven years until February 23, 1991. While in the plaintiff's employ, the defendant had access to private and proprietary business records including customer lists and pharmaceutical records relating to the plaintiff's customers.
During and after his employment by the plaintiff, the defendant intentionally, improperly and maliciously interfered with the plaintiff's business relations by intentionally, improperly and maliciously attempting to induce the plaintiff's customers to take their business away from the plaintiff by conducting his own personal business during the time he was employed by the plaintiff. The first count further alleges that the defendant interfered with the success of the plaintiff's business success and induced or attempted to induce employees of the plaintiff to leave the plaintiff's employ so that they might enter employment with the defendant. As a result of the foregoing actions, the plaintiff claims to have suffered loss.
The second count of the complaint incorporates the CT Page 5846 allegations of the first count and further alleges that while in the employ of the plaintiff, the defendant owed the plaintiff a duty of loyalty. The defendant's conduct constituted a breach of that duty of loyalty.
The defendant has moved to strike both counts of the complaint. He argues that the first count of the complaint does not state a cause of action for tortious interference with a beneficial relationship because it fails to identify specific customers with whom the defendant interfered and fails to allege specific damage suffered.
The elements of tortious interference are the existence of a contractual or beneficial relationship, the defendant's knowledge of that relationship, the intent to interfere with it, and the consequent actual loss suffered by the plaintiff. Hart, Rininger Campbell Associates, Inc. v. Rogers, 16 Conn. App. 619,629, 548 A.2d 758 (1988). When the facts alleged in the first count of the complaint are taken in the manner most favorable to the plaintiff, as they must be on a motion to strike, Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073 (1988), the complaint states a cause of action for tortious interference with a business relationship. The deficiencies in the first count claimed by the defendant constitute evidence, and not essential facts. Under 108 of the Connecticut Practice Book, the plaintiff need not plead evidence.
The defendant claims that the second count of the complaint is deficient because it fails to allege a written employment contract between the parties. However, the defendant has not cited any cases to support the proposition that an employee not no fiduciary duty to an employer in absence of a written employment contract. Counts of this state have recognized a duty by an employee to refrain from using certain information, such as customer lists which constitute trade secrets, which were gained during his employment. Allen Mfg. Co. v. Loika,145 Conn. 509, 517, 144 A.2d 306 (1958); Holiday Food Co. v. Munroe, 37 Conn. Sup. 546, 550, 426 A.2d 814 (1981).
For the foregoing reasons, the Motion to Strike is denied.
Aurigemma, J.