CLINTON ROWE *v.* RAYMOND GODOU ET AL.
(5710)

DUPONT, C. J., BORDEN and BIELUCH, Js.

Submitted on briefs September 14—decision released November 3, 1987

*Bruce L. Levin* filed a brief for the appellant (plaintiff).

*David Noel Feliu* filed a brief for the appellees (defendants).

BIELUCH, J. The plaintiff brought this action seeking to recover for property damage to his vehicle allegedly caused by the negligent operation by the named defendant, Raymond Godou, of a fire truck owned by the defendant city of Bridgeport. The defendants moved to strike the complaint on the ground that it was "barred by statute," but they failed to cite statutory authority.[1] In support of their motion, the defend-

---

[1] The motion alleged as follows: "The defendants herein, Raymond Godou and the City of Bridgeport, move to strike the complaint in the above captioned case because it is barred by statute and file herewith the attached memorandum of law."

ants filed a memorandum of law which referred to General Statutes § 7-308.[2] The trial court granted the defendants' motion to strike on the grounds that the notice requirements of General Statutes § 7-308 were not alleged, and that the plaintiff failed to plead a distinct legal theory against the defendant city of Bridgeport. The plaintiff has appealed from the subsequent judgment rendered on the motion to strike. We find no error.

---

[2] "[General Statutes] Sec. 7-308. ASSUMPTION OF LIABILITY FOR DAMAGES CAUSED BY FIREMEN. The word 'municipality,' as used in this section, shall have the meaning ascribed to it by section 7-314 and the words 'fire duties' mean those duties the performance of which is defined in said section. Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman of such municipality all sums which such fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the occurrence, accident, injury or damages complained of, was performing fire duties and if such occurrence, accident, injury or damage was not the result of any wilful or wanton act of such fireman in the discharge of such duties. This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such damages. If a fireman or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent shall have no cause of action against such fellow employee to recover damages for such injury or death unless such wrong was wilful and malicious. The municipality may arrange for and maintain appropriate insurance or may elect to act as a self-insurer to maintain such protection. No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality. No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefor has arisen nor unless notice of the intention to commence such action and of the time when

The plaintiff's initial claim is that the motion to strike filed by the defendants was itself fatally flawed because it did not comply with Practice Book §§ 154[3] and 109A.[4] Specifically, the plaintiff claims that the motion failed "distinctly [to] specify" the reasons for the claimed insufficiency of the plaintiff's complaint as required by Practice Book § 154, and did not specifically identify by number the statute upon which it was grounded in violation of Practice Book § 109A. We do not agree with the plaintiff's analysis of either rule of practice.

A general statement contained in a motion to strike that the complaint does not state a claim upon which relief can be granted is usually insufficient to comply with Practice Book § 154. *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986). Nevertheless, a motion to strike which is unspecific, but which adequately submits the material issue to the court, as is the case here, is sufficient to comply with

and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has accrued. No action for trespass shall lie against any fireman crossing or working upon lands of another to extinguish fire or for investigation thereof. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the fireman may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such fireman. No mention of any kind shall be made of such statement by any counsel during the trial of such action."

[3] "[Practice Book] Sec. 154. —REASONS

"Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."

[4] "[Practice Book] Sec. 109A. —ALLEGATIONS BASED ON STATUTORY GROUNDS

"When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number. This section shall apply only to pleadings filed after September 1, 1979."

Practice Book § 154. The statement in the defendants' motion to strike that the plaintiff's action was "barred by statute" was arguably unspecific, but did sufficiently apprise the court of the reasons for the claimed insufficiency of the plaintiff's complaint.[5]

As to the second portion of the plaintiff's first claim, Practice Book § 109A provides that when any claim made in a pleading is grounded on a statute, "the statute shall be specifically identified by its number." The defendants' motion to strike did not identify General Statutes § 7-308 as the basis for their claim that the plaintiff's action was "barred by statute." We conclude that the requirement of Practice Book § 109A is directory, rather than mandatory. Therefore, we find that the defendants' motion did not violate its terms.

" 'The test to be applied in determining whether a statute is mandatory or directory is whether the prescribed mode of action is the essence of the thing to be accomplished, or in other words, whether it relates to a matter of substance or a matter of convenience. *International Brotherhood of Teamsters* v. *Shapiro,* 138 Conn. 57, 68, 82 A.2d 345 (1951). If it is a matter of substance, the statutory provision is mandatory. *State ex rel. Eastern Color Printing Co.* v. *Jenks,* 150 Conn. 444, 451, 190 A.2d 591 (1963). If, however, the legislative provision is designed to secure order, system and dispatch in the proceedings, it is generally held to be directory, especially where the requirement is stated in affirmative terms unaccompanied by negative words. *Winslow* v. *Zoning Board,* [143 Conn. 381, 388, 122

---

[5] We note that the requirement of Practice Book § 155 that a motion to strike be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself. *Morris* v. *Hartford Courant Co.,* 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986); *King* v. *Board of Education,* 195 Conn. 90, 94 n.4, 486 A.2d 1111 (1985).

A.2d 789 (1956)]. "Such a statutory provision is one which prescribes what shall be done but does not invalidate action upon a failure to comply." *Broadriver, Inc.* v. *Stamford,* 158 Conn. 522, 529, 265 A.2d 75 (1969).' *Fidelity Trust Co.* v. *BVD Associates,* 196 Conn. 270, 278, 492 A.2d 180 (1985)." *In re Adrien C.,* 9 Conn. App. 506, 510–11, 519 A.2d 1241 (1987); *Zoning Board of Appeals* v. *Freedom of Information Commission,* 198 Conn. 498, 503–504, 503 A.2d 1161 (1986); *State* v. *White,* 169 Conn. 223, 238, 363 A.2d 143, cert. denied, 423 U.S. 1025, 96 S. Ct. 469, 46 L. Ed. 2d 399 (1975); *State ex rel. Barnard* v. *Ambrogio,* 162 Conn. 491, 501, 294 A.2d 529 (1972).

"The rules of statutory construction are 'clearly applicable' to the construction of our rules of practice." *DeTeves* v. *DeTeves,* 202 Conn. 292, 298, 520 A.2d 608 (1987), citing *State* v. *Cook,* 183 Conn. 520, 521, 441 A.2d 41 (1981); *State* v. *James,* 197 Conn. 358, 363, 497 A.2d 402 (1985); *State* v. *Gethers,* 193 Conn. 526, 551, 480 A.2d 435 (1984); *Grievance Committee* v. *Trantolo,* 192 Conn. 15, 22, 470 A.2d 228 (1984). Applying this principle of statutory and procedural rule construction to the case before us, we hold that the requirement of Practice Book § 109A is directory, rather than mandatory.[6] The procedural rule that a "statute shall be specifically identified by its number . . . [in] pleadings filed after September 1, 1979," relates to a matter of convenience. The purpose of this rule, adopted in 1979, is self-evident. No such procedural rule existed prior to that time. It was clearly designed to make future pleadings more specific, detailed and particularly informative by pinpointing statutory authority. Such a rule promotes the often expressed judicial policy

[6] We note that Practice Book § 109A was adopted by the judges of the Superior Court on March 30, 1979, effective July 1, 1979, and was made applicable to pleadings filed after September 1, 1979. No similar rule governed demurrers. See Practice Book, 1963, §§ 105 through 114.

of full, informative, comprehensive and open disclosure of legal claims, which promotes the identification, narrowing and resolution of issues before the court. Such a rule improves the efficient movement of the court's business for the convenience and benefit of litigants before it. Its purpose is desirable, but not mandatory. The rule does not expressly or implicitly invalidate a pleading for failure to comply.

"The use of the word 'shall,' though significant, does not invariably create a mandatory duty because statutes must be construed as a whole to ascertain the legislative intention." *Tramontano* v. *Dilieto,* 192 Conn. 426, 433–34, 472 A.2d 768 (1984); cf. *Cannavo Enterprises, Inc.* v. *Burns,* 194 Conn. 43, 51, 478 A.2d 601 (1984) ("Practice Book rule that protects important rights such as the right of jury trial and of appeal is generally construed as mandatory not directory"); *State* v. *Cook,* supra, 523 (Practice Book § 594 "mandates that the warrant [of arrest] shall be signed by the judicial authority"). We conclude, therefore, that Practice Book § 109A did not require that the motion to strike identify precisely the statute upon which it was based.

The plaintiff also maintains that the trial court erred in granting the defendants' motion to strike because the court assumed facts not pleaded. The plaintiff argues that because his complaint did not allege that the defendant Godou was a "paid [or] volunteer fireman . . . performing fire duties" at the time of the accident, it did not allege the facts necessary to come within the ambit of § 7-308. In addition, the plaintiff maintains that even if his action is assumed to be based on the statute, there is nothing of record to prove that he did in fact fail to file the prescribed notice pursuant to the statute.

In ruling upon a motion to strike, the trial court is limited to the facts alleged in the complaint. *King* v.

*Board of Education,* 195 Conn. 90, 93, 486 A.2d 1111 (1985). A motion to strike admits all facts well pleaded. *Drazen* v. *Drazen,* 180 Conn. 572, 573 n.3, 430 A.2d 1288 (1980); *Alarm Applications Co.* v. *Simsbury Volunteer Fire Co.,* 179 Conn. 541, 545, 427 A.2d 822 (1980).

The plaintiff's complaint alleged that at the time of the accident the defendant city was the owner of a fire truck being operated by the defendant Godou "as the agent, servant and/or under a general authority to drive." This broad language was clearly worded to implicate Godou in his capacity as either a paid or volunteer fireman who was performing fire duties for the city at the time of the accident. That conclusion is inescapable. The trial court did not err in finding that the plaintiff sought recovery for damages to his property pursuant to § 7-308. There was, therefore, no error in the court's conclusion that the plaintiff's complaint was deficient due to its failure to allege compliance with the notice provision as required by the statute.

The plaintiff asserts that even if the procedural mandates of § 7-308 were not met, the statute does not bar an action against the defendant Godou, an employee of the municipality, in his individual capacity. The plaintiff cites *Fraser* v. *Henninger,* 173 Conn. 52, 56–57, 376 A.2d 406 (1977), in support of this argument. The procedural posture of that case, however, distinguishes it from the case here and supports our conclusion that the plaintiff's action against the individual employee, as well as the case against the municipal employer, was barred by the plaintiff's failure to comply with the notice provision of § 7-308. In *Fraser* v. *Henninger,* supra, the claimant brought a two count action against a town employee and a municipality, respectively. The first count alleged a common law action for negligence on the part of the named defendant, an employee of the town of Greenwich. The second count sought recov-

ery from the defendant town pursuant to General Statutes § 7-465, an indemnification statute analogous to § 7-308 in that it provides for the assumption by municipalities of liability for damages caused by their employees, "except firemen covered under the provisions of section 7-308." See *Keogh* v. *Bridgeport,* 187 Conn. 53, 62–63, 444 A.2d 225 (1982). Because the plaintiff in *Fraser* brought separate actions in two counts against the employee and the municipality, respectively, the Supreme Court held that his failure to comply with the notice provision of the statute as to the second count was not fatal to his separate claim against the defendant employee in the first count. "[A]n injured party may maintain a common-law action against a municipal employee covered by the statute, thereby avoiding those requirements which are unique to recovery under the indemnification statute. *Wakelee* v. *DeSanto,* 152 Conn. 44, 46, 202 A.2d 833 [1964]; see annot., 71 A.L.R.3d 90, 98 § 2, 148 § 27 (b)." *Fraser* v. *Henninger,* supra, 56.

The plaintiff in the case before us filed a single count complaint alleging one cause of action jointly against the defendants in their respective roles as employee and employer. This single cause of action was brought against the individual defendant "as the agent, servant and/or under a general authority to drive" the fire truck owned by the defendant city. The trial court correctly found that this complaint was based on § 7-308. If the plaintiff's complaint had contained a separate common law negligence count against the individual defendant solely, the plaintiff could have avoided the consequences of his failure to meet the requirements of § 7-308 applicable to a cause of action against the municipal employer. This, the plaintiff did not do. "[T]he provisions of § 7-465 which permit an action to be maintained against the municipality and the employee jointly do not mean that a plaintiff may not proceed against the

employee alone if for any reason the plaintiff cannot prevail upon the count alleging facts to support a recovery from the municipality of any judgment obtained against the employee." *Fraser* v. *Henninger, supra,* 57. This analysis applies to the parallel provisions of § 7-308. Having failed to comply with the notice provisions of § 7-308, the plaintiff was not entitled to maintain his separate common law cause of action against the individual defendant.

There is no error.

In this opinion the other judges concurred.