## CLINTON ROWE *v.* RAYMOND GODOU ET AL.
### (13318)

HEALEY, SHEA, CALLAHAN, HULL and SANTANIELLO, Js.

Argued October 14—decision released December 6, 1988

*Robert C. Pinciaro,* with whom were *Bruce L. Levin* and, on the brief, *Serge G. Mihaly,* for the appellant (plaintiff).

*David Noel Feliu,* assistant city attorney, for the appellees (defendants).

CALLAHAN, J. This case is in this court by virtue of our certification from the Appellate Court. *Rowe* v. *Godou,* 12 Conn. App. 538, 532 A.2d 978 (1987), cert. granted, 206 Conn. 802, 535 A.2d 1316 (1988). As set forth in the Appellate Court opinion, the plaintiff, Clinton Rowe, commenced an action in a single count against the defendants, Raymond Godou and the city of Bridgeport, seeking compensation for property damage to his motor vehicle allegedly caused by Godou's negligent operation of a fire truck owned by the city. Id., 539. The defendants moved to strike the plaintiff's entire complaint on the ground that his action was "barred by statute." Id. The defendants' motion was accompanied by a memorandum of law that specified General Statutes § 7-308 as the statute that "barred" the plaintiff's action. The trial court granted the defendants' motion to strike and, upon the failure of the plaintiff to plead over, rendered judgment for the defendants. Id., 539–40; see Practice Book § 157.[1]

---

[1] "[Practice Book] Sec. 157.—SUBSTITUTE PLEADING; JUDGMENT

"Within fifteen days after the granting of any motion to strike, the party whose pleading has been stricken may file a new pleading; provided that in those instances where an entire complaint, counterclaim or cross complaint has been stricken, and the party whose pleading has been so stricken fails to file a new pleading within that fifteen-day period, the court may upon motion enter judgment against said party on said stricken complaint, counterclaim or cross complaint."

The plaintiff appealed to the Appellate Court from the judgment rendered on the defendants' motion to strike. In his appeal, the plaintiff first claimed that the defendants' motion to strike was itself fatally defective because it failed to comply with Practice Book §§ 154[2] and 109A.[3] The Appellate Court held that the motion as supplemented by the memorandum of law was adequate to submit to the court the material issue concerning the alleged flaw in the plaintiff's complaint and was, therefore, sufficiently specific to comply with Practice Book § 154. The Appellate Court also concluded that Practice Book § 109A was directory, rather than mandatory, and although the defendants' motion to strike failed to identify precisely the statute that it claimed "barred" the plaintiff's cause of action, that failure did not invalidate the defendants' motion. *Rowe v. Godou,* supra, 541–44. We agree with the reasoning of, and the result reached by, the Appellate Court in deciding the plaintiff's claims relative to the defendants' alleged failure to comply with Practice Book §§ 154 and 109A.

The plaintiff next maintains that the Appellate Court erred by "divining" facts not alleged in his complaint and by finding, without foundation, that his action was brought pursuant to General Statutes § 7-308.[4] He

---

[2] "[Practice Book] Sec. 154.—REASONS

"Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."

[3] "[Practice Book] Sec. 109A.—ALLEGATIONS BASED ON STATUTORY GROUNDS

"When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number. This section shall apply only to pleadings filed after September 1, 1979."

[4] "[General Statutes] Sec. 7-308. ASSUMPTION OF LIABILITY FOR DAMAGES CAUSED BY FIREMEN. The word 'municipality,' as used in this section, shall have the meaning ascribed to it by section 7-314 and the words 'fire duties'

claims, consequently, that the Appellate Court erred when it upheld the striking of his complaint for failure to comply with the notice requirements of that statute. We agree.

Section 7-308 is an indemnification statute that, generally, requires a municipality to pay on behalf of any "paid or volunteer fireman" all sums that the fireman becomes obligated to pay as damages by reason of liability incurred while performing "fire duties." *Haehl* v. *Port Chester,* 463 F. Sup. 845, 847–48 (S.D.N.Y. 1978); *Reinhardt* v. *New Haven,* 23 Conn. Sup. 321, 323–24, 182 A.2d 925 (1961). It has application only to a "paid or volunteer fireman" engaged in "fire duties" at the time that the liability was incurred. *Shaw* v. *Industrial Safety Supply Co.,* 23 Conn. Sup. 149, 151–52, 178 A.2d 284 (1962). The plaintiff's complaint does allege that, at the time of the accident which damaged his motor vehicle, the defendant Godou was operating a fire truck owned by the city of Bridgeport

mean those duties the performance of which is defined in said section. Each municipality of this state, notwithstanding any inconsistent provisions of law, general, special or local, or any limitation contained in the provisions of any charter, shall pay on behalf of any paid or volunteer fireman of such municipality all sums which such fireman becomes obligated to pay by reason of liability imposed upon such fireman by law for damages to person or property, if the fireman, at the time of the occurrence, accident, injury or damages complained of, was performing fire duties and if such occurrence, accident, injury or damage was not the result of any wilful or wanton act of such fireman in the discharge of such duties. This section shall not apply to damages to person caused by an employee to a fellow employee while both employees are engaged in the scope of their employment for such municipality if the employee suffering such damages or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of such damages. If a fireman or, in the case of his death, his dependent has a right to benefits or compensation under chapter 568 by reason of injury or death caused by the negligence or wrong of a fellow employee while both employees are engaged in the scope of their employment for such municipality, such fireman or, in the case of his death, his dependent shall have no cause of action against such fellow-employee to recover damages for such injury or death unless such wrong was wilful and malicious. The municipality may arrange for and maintain appropri-

as "agent, servant and/or under a general authority to drive." Nowhere in his complaint, however, is it alleged that at that time Godou was a "paid or volunteer fireman" or that he was performing "fire duties." Further, there is nothing in the plaintiff's complaint to indicate that he was proceeding under § 7-308, nor are there allegations of compliance or attempted compliance with its provisions. The Appellate Court determined, however, that the conclusion was "inescapable" that the language of the complaint implicated Godou in his capacity as a "paid or volunteer fireman" who was performing "fire duties." *Rowe* v. *Godou,* supra, 545. It concluded, therefore, that the plaintiff sought recovery for his damages pursuant to § 7-308 and that his "complaint was deficient due to its failure to allege compliance with the notice provision as required by the statute." Id.

Without reciting a litany of other possibilities, we disagree with the Appellate Court that the conclusion was

ate insurance or may elect to act as a self-insurer to maintain such protection. No action or proceeding instituted pursuant to the provisions of this section shall be prosecuted or maintained against the municipality or fireman unless at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the clerk or corresponding officer of such municipality. No action for personal injuries or damages to real or personal property shall be maintained against such municipality and fireman unless such action is commenced within one year after the cause of action therefor has arisen nor unless notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk or corresponding officer of such municipality and with the fireman within six months after such cause of action has accrued. No action for trespass shall lie against any fireman crossing or working upon lands of another to extinguish fire or for investigation thereof. Governmental immunity shall not be a defense in any action brought under this section. In any such action the municipality and the fireman may be represented by the same attorney if the municipality, at the time such attorney enters his appearance, files a statement with the court, which shall not become part of the pleadings or judgment file, that it will pay any verdict rendered in such action against such fireman. No mention of any kind shall be made of such statement by any counsel during the trial of such action."

"inescapable" that, at the time of the accident, Godou was a "paid or volunteer fireman" engaged in the performance of "fire duties." Suffice it to say, the plaintiff's complaint did not so allege. In order, to arrive at its conclusion, therefore, the Appellate Court had either to speculate or to resort to information outside the complaint. In ruling on the motion to strike, however, the Appellate Court was limited to the facts alleged in the plaintiff's complaint. *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988); *King* v. *Board of Education,* 195 Conn. 90, 93, 486 A.2d 1111 (1985); *Cavallo* v. *Derby Savings Bank,* 188 Conn. 281, 285–86, 449 A.2d 986 (1982).

Further, in ruling on a motion to strike, the court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. *Gordon* v. *Bridgeport Housing Authority,* supra; *Amodio* v. *Cunningham,* 182 Conn. 80, 82-83, 438 A.2d 6 (1980). So construed, the facts alleged in his complaint can be viewed as an effort by the plaintiff to seek compensation for his damages in a common law negligence action against the individual defendant. "We have previously held that an injured party may maintain a common-law action against a municipal employee covered by the statute [§ 7-465],[5] thereby avoiding those requirements which are unique to recovery under the indemnification statute." *Fraser* v. *Henninger,* 173 Conn. 52, 56, 376 A.2d 406 (1977); *Wakelee* v. *DeSanto,* 152 Conn. 44, 46, 202 A.2d 833 (1964); see also *Norwich* v. *Silverberg,* 200 Conn. 367, 372, 511 A.2d 336 (1986); *Bowrys* v. *Santanella,* 39 Conn. Sup. 102, 106, 470 A.2d 1245 (1983). "A plaintiff's failure to sustain his complaint against the municipality is no reason for turn-

[5] General Statutes § 7-465 is an indemnification statute similar to General Statutes § 7-308 which applies to municipal employees except firemen covered by § 7-308.

ing the plaintiff out of court if he can sustain his complaint against the employee." *Fraser* v. *Henninger*, supra, 57.

It is true that the plaintiff's complaint is confusing because it combines, in a single count, separate causes of action against the individual defendant and the municipality.[6] Since there was nothing to prevent those two possible causes of action from being joined in the same complaint,[7] however, the proper way to cure any confusion in that regard is to file a motion to revise, not a motion to strike the entire complaint. Practice Book § 147 (3).[8] If a request to revise had been granted and complied with, the defendants would then have been in a position to move to strike any count of the plaintiff's revised complaint pertaining to their respective liabilities for which the plaintiff was unable to allege the necessary prerequisites.[9] Practice Book

---

[6] The plaintiff appears to have been operating under the assumption, when he made the city of Bridgeport a defendant in this action, that liability attached *directly* to the city simply by reason of its ownership of the fire truck that he claimed was being operated by Godou as an "agent, servant and/or under a general authority to drive." At oral argument, he abandoned that theory and conceded that without alleging notice under an indemnification statute he was required to rely on the liability of the individual defendant.

[7] See Practice Book § 133.

[8] "[Practice Book] Sec. 147. REQUEST TO REVISE

"Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

[9] We are aware that the trial court file reveals that the defendants made a request to revise in 1984 and that the request was objected to by the plaintiff and denied by the trial court. Despite the denial of the motion to revise, the city still had the opportunity to move to strike the allegations of the complaint insofar as they purported to state a cause of action against it.

§ 152 (1);[10] see *Moore* v. *State*, 15 Conn. Sup. 251, 252 (1947).

There is error, the judgment of the Appellate Court is reversed and the case is remanded to that court with direction to remand to the trial court with direction to deny the defendants' motion to strike.

In this opinion the other justices concurred.

[10] "[Practice Book] Sec. 152.—IN GENERAL

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint, or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, any count thereof, because of the absence of any necessary party, or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts, or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof.

"A motion to strike on the ground of the nonjoinder of a necessary party must give the name and residence of the missing party or such information as the moving party has as to his identity and residence and must state his interest in the cause of action."