[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants move to strike the plaintiff's entire complaint on the ground that the defendants are immune from liability.
On January 11, 1991, the plaintiff, Sara Pagan, filed a two-count complaint against the defendants, the City of Hartford (City), its chief of police, Ronald Loranger (Loranger); and two of its police officers, Jesse Blardo (Blardo) and Dallas Anderson (Anderson).
In Count One, which is directed against defendants Loranger, Blardo and Anderson, the plaintiff alleges that the carelessness and negligence of these defendants in railing to locate and to arrest Daniel Marquez (Marquez) resulted in Marquez's assault on the plaintiff from which she sustained physical injuries. The plaintiff further alleges that despite Marquez's history of arrest and conviction for crimes of a violent nature and repeated complaints to the defendants by both the plaintiff and her counsel of Marquez's numerous threats of physical harm to the plaintiff, the defendants failed to serve the warrant that had been issued for Marquez's arrest.
Count Two is directed against the City and seeks indemnity from the City pursuant to General Statutes 7-465
for the carelessness and negligence of Loranger, Blardo and Anderson.
On May 28, 1991, the defendants jointly filed a motion to strike the plaintiff's complaint in its entirety for failure to state a claim upon which relief can be granted. As required by Practice Book 155, the defendants have filed a memorandum of law in support of their motion to strike, and the plaintiff has filed a memorandum of law in opposition.
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142 (1988).
Although Practice Book 154 requires that a motion to strike based on legal insufficiency distinctly specify the reason or reasons for each claimed deficiency, Morris v. Hartford Courant Co., 200 Conn. 676, 683 n. 5 (1986), a motion to strike which is unspecific, but which sufficiently CT Page 6791 apprises the court of the reasons for the claimed insufficiency is sufficient to comply with 154. Rowe v. Godou, 12 Conn. App. 538,541-42, rev'd on other grounds 209 Conn. 273
(1988).
The defendants argue in their memorandum of law, in support of their motion to strike, that because the plaintiff's only claim as to the City is based upon indemnity, a finding that Loranger, Blardo and Anderson are immune from suit would result in the plaintiff's complaint being stricken in its entirety.
The defendants further argue that Loranger, Blardo and Anderson are immune from liability because their acts or omissions, as alleged by the plaintiff, involved the operation of a police department, which operation was held to be a discretionary function in Gordon v. Bridgeport Housing Authority, supsupra, 179-80. The defendants contend that although three exceptions to the rule that municipal employees are immune from suit for the misperformance of discretionary acts exists, the plaintiff has failed to allege facts bringing her case within one of those exceptions.
The plaintiff argues in opposition to the defendants' motion to strike that "while the decision whether to arrest a person involves judgment and is therefore discretionary, the subsequently duty to serve the warrant is consequently a ministerial matter of enforcing that decision." The plaintiff therefore argues that the defendants' motion should be denied because qualified immunity is not available for a municipal employee who misperforms a ministerial act.
The issue of governmental immunity may be decided as a matter of law on a motion to strike. Gordon v. Bridgeport Housing Authority, supra, 170. The court in Gordon also concluded that the general deployment of police officers is a discretionary governmental action as a matter of law.
In outlining the doctrine of municipal immunity in Connecticut, the court in Gordon acknowledged its adherence to the public duty doctrine, a doctrine that provides immunity to public officers for the non-performance or misperformance of duties owed to the public. The public duty doctrine was explained by the court in Shore v. Stonington, 187 Conn. 147,152 (1982), as follows:
 `[I]f the duty which the official authority imposes upon an officer is a duty to the public, a failure to perform it, or an inadequate or erroneous CT Page 6792 performance, must be a public and not an individual injury, and must be redressed, if at all in some form of public prosecution. On the other hand, if the duty is duty to the individual, then a neglect to perform it or to perform it properly, is an individual wrong, and may support an individual action for damages.' (Citations omitted).
The court in Gordon also acknowledged that liability may attach for breach of duty by an official without regard to whether the duty is technically a public or private one. Gordon v. Bridgeport Housing Authority, supra, 166-167. An exception to the rule that a public officer is immune from civil liability where his or her duty to act is discretionary exists when it would be apparent to the officer that a failure to act would be likely to subject an identifiable person to imminent harm. Id., 167, see also Evon v. Andrews, 211 Conn. 501
(1989).
The use of police officers to serve arrest warrants is encompassed within the term "general deployment of police officers," which was found to be a discretionary governmental action as a matter of law in Gordon. The plaintiff has sufficiently alleged an exception to the rule of immunity that the defendants' actions subjected an identifiable person, the plaintiff, to imminent harm. The determination of whether the defendants' actions did subject an identifiable person to imminent harm is a factual issue to be determined by the trier of fact. Accordingly, the defendants' motion to strike is denied.
M. Hennessey, J.