[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO STRIKE
On August 7, 1991, the plaintiff, Robert Santamaria, filed a seven count complaint against, inter alia, defendant New Haven Savings Bank, count six of which sets forth a CUTPA claim against the Bank.
On November 26, 1991, the defendant Bank filed a motion to strike count six "on the grounds that the Court (sic) is legally sufficient (sic). To its motion the Bank attached a supporting memorandum. On November 27, 1991, the plaintiff filed a memorandum in opposition to the motion to strike.
The motion to strike is provided for in Practice Book 151-158. A motion to strike tests the legal sufficiency of a pleading and "admits all facts well pleaded." Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). Furthermore, the CUPA is required to construe the facts in the complaint most favorably to the plaintiff when considering a motion to strike. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). For a motion to strike to succeed, it must comply with Practice Book 154, "which requires that a motion to strike based on legal insufficiency is `fatally defective' . . . ." Blancato v. Feldspar Corporation, 203 Conn. 34, 36 n. 3, 522 A.2d 1235
(1987) (quoting Lubas v. McCusker, 153 Conn. 250, 253,216 A.2d 289 (1965)). A general statement contained in a motion to strike "that the complaint does not state a claim upon which relief can be granted is usually insufficient to comply with Practice Book 154." Rowe v, Godou, 12 Conn. App. 538, 541, 532 A.2d 978 (1987). However, "a motion to strike which is unspecific, but which adequately submits the material issue to the court . . . is sufficient to comply with Practice Book 154." Id, at 541-42. In Rowe, the motion to strike contained the language "barred by statute" in a vague attempt to explain the reasoning behind the claimed legal insufficiency. Rowe, supra. However, in the present matter, the defendant merely moves to strike the sixth count "on the grounds that the Court (sic) is legally sufficient (sic)." Assuming, arguendo, that the defendant means that the count is legally insufficient, the motion fails to specify the grounds of insufficiency and, therefore, said motion is fatally defective. Blancato, supra. Therefore, the motion to strike is denied. CT Page 10903
PICKETT, J.