[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
Plaintiffs are suing the Town of Orange and the Orange Board of Education for injuries allegedly sustained when the plaintiff Jane Hill slipped and fell on the grounds of Racebrook School, a public school in the Town of Orange, Connecticut, when the defendant had allowed wet leaves to accumulate on a driveway surface.
In count one, the plaintiffs set forth the sections of the General Statutes which purport to state the duties and liabilities of the defendants in such an action. Count two sounds in loss of consortium for the plaintiff-husband, William Hill. The plaintiffs do not, however, specifically name 52-557H, which provides, in relevant part:
 (a)(1) Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope.
Practice Book 109A provides, in relevant part, that when any claim in a "pleading is grounded on a statute, the statute shall be specifically identified by its number." Nevertheless, the supreme court has affirmed an appellate court ruling that this Practice Book section is directory and not mandatory. See Rowe v. Godou,12 Conn. App. 538, 532 A.2d 978 (1987), reversed on other grounds, Rowe v. Godou, 209 Conn. 273, 550 A.2d 1073 (1988).
The defendants move for summary judgment on the grounds that two of the statutes identified in the complaint, 7-465 and10-235, are nothing more than indemnification statutes for employees of a municipality and board of education, respectively. Defendants CT Page 2513 further argue that, absent any allegations against specific employees, this lawsuit is legally insufficient, and they therefore are entitled to judgment. Their argument is essentially that there can be no action for indemnification by the down for acts of negligence by an employee under the provisions of 7-465, because that does not apply to boards of education, nor under 10-235 which does, because the plaintiffs never named an individual employee as a defendant, the statute of limitations prevents that joinder now, and therefore there is no individual against whom the plaintiff could get a judgment, there could be no indemnity. The court agrees with the defendants' argument that these indemnity statutes do not provide a cause of action.
However, at oral argument, the plaintiff argued that 52-557n, of the statutes, permits the action, even though the statute isn't specifically identified in the plaintiffs' complaint.
Paragraph 12a of the complaint avers that the town and defendant Board were negligent, careless and in breach of their statutory duty in allowing the wet leaves to accumulate on the driveway.
While the so-called "Tort Reform Act of 1987" attempted to codify prior case law as to governmental immunity, it substantially departs from what was the prior statutory scheme and case law by permitting an action directly against a municipality for negligent acts of its agents without naming the employee. See 52-557n, Conn. Gen. Stat. The statute does provide that the municipality will not be liable for "negligent acts or omissions requiring judgment of discretion as an official function of the authority expressly or implicitly granted by law, (see 52-557n(a)(2)(B)), but whether the acts were [discretionary] governmental or ministerial is a factual question which depends on the nature of the act." Gordon v. Bridgeport Housing Authority, 208 Conn. 161,165 (1988). Therefore this court cannot decide as to matters of law that the defendant is immune from suit under the doctrine of governmental immunity.
The court therefore does not agree with the defendant's contention that "there is no viable cause of action which can be maintained against the town or Board."
The defendants have not met their burden of proving that no factual disputes exist and that they are entitled to judgment as a matter of law.
Summary judgment is denied.
FLYNN, JUDGE CT Page 2514