[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On November 4, 1991 the plaintiff, Union Trust Company, filed a one count foreclosure action against CT Page 481 defendants, Steven and Mary Cuff. On July 16, 1992 the defendants filed an answer, along with a special defense and a set-off entitlement notification. In their special defense, the defendants allege that the plaintiff made loans to the defendants with the "full knowledge and understanding that no repayment on these debts could be made until certain building permits and zoning approvals were obtained. . . Thus, the plaintiff should now be estopped from attempting to collect on these debts where the requisite approvals and permits could not yet be obtained."
On July 31, 1992 the plaintiff filed a motion to strike the defendants' special defense, accompanied by a memorandum of law in support of the motion. The plaintiff argues that the defendants' special defense does not allege any valid special defense under General Statutes 42a-3-305 to an action on a promissory note. The plaintiff further argues that "a defendant cannot defend against liability on commercial paper by claiming that there is an oral agreement or condition that protects him or her, when proof of the oral agreement is barred by the parol evidence rule." (Plaintiff's memorandum, p. 4).
On August 12, 1992 the defendants filed a memorandum of law in opposition to the plaintiff's motion to strike, in which they argue that the plaintiff's motion is defective in that it fails to state with specificity the claimed legal insufficiency, and that the motion is improperly "speaking" because it imparts facts not alleged in the pleadings. The defendants further argue that their estoppel defense is a valid defense to a foreclosure action, because a foreclosure action is peculiarly equitable and the court in such an action may entertain all questions which are necessary to be determined in order that complete justice may be done between the parties.
The motion to strike challenges the legal sufficiency a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike admits all facts well pleaded. Id. "It does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in CT Page 482 original.) Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." (Citation omitted.) Id., 108-09. The court must "construe the . . . [contested pleading] in the manner most favorable to sustaining its legal sufficiency." Warner v. Konover, 210 Conn. 150, 152,553 A.2d 1138 (1989).
"In ruling on a motion to strike, the court is limited to the facts alleged in the [contested pleading];" Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988); and "cannot be aided by the assumption of any facts not therein alleged." Fraser v. Henninger, 173 Conn. 52, 60,376 A.2d 406 (1977). The trial court may consider only those grounds raised in the motion. Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987).
The defendants argue that the plaintiff's motion to strike should be denied because it fails to specify the grounds for the purported insufficiency. "A motion to strike that does not specify the grounds of insufficiency is `fatally defective.'" Id., 37 n. 3. However, "a motion to strike which is unspecific, but which adequately submits the material issue to the court . . . is sufficient to comply with Practice Book 154." Rowe v. Godou, 12 Conn. App. 538, 541-42, 532 A.2d 978
(1987), rev'd on other grounds, 209 Conn. 273, 275,532 A.2d 798 (1988).
The plaintiff's motion adequately submits the material issue to the court because it states in relevant part: "the special defense . . . does not state any defense recognized under Section 42 [sic] of the General Statutes." See Rowe v. Godou, supra, at 542 where the court opined that, "The statement in the defendants' motion to strike that the plaintiff's action was `barred by statute' was arguably unspecific, but did sufficiently apprise the court of the reasons for the claimed insufficiency." We find that the plaintiff's motion complies with Practice Book 154. CT Page 483
The defendants argue that the plaintiff's motion to strike should be denied because it is a "speaking motion" which improperly assumes facts not apparent in the pleadings. As stated above, in ruling upon the plaintiff's motion to strike, the court is limited to the facts alleged in the defendants' special defense; see Gordon v. Bridgeport Housing Authority, supra; and cannot be aided by the assumption of any facts not alleged in that special defense. Fraser v. Henninger, supra. The plaintiff's characterization in its memorandum of the notes at issue as "negotiable instruments" and "commercial paper," and of itself as a "holder in due course" of the notes, as well as its assumption that the transactions at issue are governed by the provisions of Title 42a, are all based upon facts which are not alleged in the pleadings. The plaintiff's references to an "oral agreement" or "secret understanding" are also based upon facts not alleged in the pleadings. "Where the legal for such a motion are dependent upon underlying facts not alleged in the [contested] . . . pleadings, the [movant] . . . must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Brothers, Inc. v. Grigsby, 215 Conn. 345, 348-49,576 A.2d 149 (1990), citing Fraser v. Henninger, supra, 61. Because the plaintiff's arguments that the special defense is not a valid defense under General Statutes 542a-3-305 and that any evidence of an oral agreement would be barred by the parol evidence rule both rely on facts outside of the pleadings, the plaintiff's motion to strike the special defense on these grounds is improperly "speaking." See Liljedahl Brothers, Inc. v. Grigsby, supra. Accordingly, the motion to strike is denied.
Mary R. Hennessey, Judge