[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Brown Brown for plaintiff.
Thomas M. Sinchak and Sinchak Bennett for defendant.
This action was originally filed in June, 1992. The plaintiffs, Steven, Jeanne and Emily Carter, allege that on January 20, 1992, defendant Keith Persico burglarized their home and stole certain possessions, including jewelry. The plaintiffs further allege that defendant Edward Grant, acting as president of defendant Jewelry by Jose Grant, Inc., purchased the stolen jewelry and marked it as inventory for retail sale. The plaintiffs' revised and amended eight-count complaint (#126), dated April 8, 1994, contains the following claims: conversion; deceit and fraud; trespass; intentional infliction of emotional distress; intentional and wanton conduct; violations of General Statutes § 52-564 prohibiting theft; unlicensed purchase of jewelry in violation of § 21-100; and violations of the Connecticut Unfair Trade Practices Act, General Statutes §42-110a et seq. ("CUTPA").
On April 14, 1994, defendants filed a motion to strike (#128) count seven of plaintiffs' amended complaint. In that count, plaintiffs allege that the defendants did not possess a license authorizing the sale of precious metals and stone; failed to record any details of the purchase of the jewelry from the seller or to demand positive identification from the seller; and failed to pay for the jewelry by check, draft, or money order. General Statutes § 21-100 requires a license to "engage in or carry on the business of purchasing gold or gold-plated ware, silver or silver-plated ware, platinum ware, watches, jewelry, precious stones or coins." General Statutes § 21-100(a). In addition to imposing a requirement of a license in order to sell precious metals and stones, the purchaser must keep a detailed record of each purchase, including the name and address of the seller and shall demand "positive identification" from such seller. § 21-100(b). Moreover, payment for such goods may only be made "by check, draft or money order and no cash shall be transferred" to the seller.
The plaintiffs filed an objection to defendants' motion, CT Page 7878 claiming that it is defective because defendants fail to state the grounds of alleged legal insufficiency. "The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.'" (Citations omitted.) Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v.Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader.Blancato v. Feldspar Corporation, 203 Conn. 34, 36,552 A.2d 1235 (1987). "`The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable trader the allegations would support a defense or a cause of action, the . . . [motion to strike] must fail.'" (Citations omitted.)Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
The defendants argue that General Statutes § 21-100 is a licensing statute for which a criminal penalty is imposed in the event of violation rather than a statute that provides a private right of action. Subsection (f) provides that any person who violates this statute shall be fined not more than $1,000. In response, plaintiffs argue that a private party may have standing to maintain a cause of action for violating certain criminal statutes, even if such statute does not explicitly confer standing upon private parties.
In the motion to strike, defendants claim that count seven is legally insufficient, but they do not specify the grounds of legal insufficiency. Practice Book § 154 provides that a motion to strike must set forth each claim of insufficiency, as well as the reason or reasons for each such claimed insufficiency. If the motion itself does not set forth the specific reason for the claimed legal insufficiency, even thought the accompanying memorandum adequately asserts the claim, the motion is "fatally defective." Bouchard v. People'sBank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). Rowev. Godou, 12 Conn. App. 538, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988) is some support for the proposition that a supporting memorandum can cure the failure to follow Practice Book § 154, but not in the event that the nonmovant, as in this case, objects to the form of CT Page 7879 the motion. Bouchard v. People's Bank, supra, 468 n. 4.
Even were this court to consider the motion to strike on its merits, despite noncompliance with Practice Book § 154, the motion would still be denied. Since the issue of whether this licensing statute, § 21-100, creates a private right of action has not been addressed by our appellate courts, this court will not find that count seven is insufficient as a matter of law. Note has been taken of Nowak v. Nowak, 175 Conn. 112,125, 394 A.2d 716 (1978), wherein the Supreme Court found that "[p]enal statutes should be construed strictly and not extended by implication to create liability which no language of the act purports to create." However, for purposes of this motion to strike, it is the court's opinion that construing the allegations in the light most favorably to the nonmovant, as is required on a motion to strike, count seven is legally sufficient. The motion to strike this count is accordingly denied.
So Ordered.
Dated at Stamford, Connecticut this 4th day of August, 1994.
William B. Lewis, Judge