[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In this case, plaintiff Lydia Lopez has sued defendant Rosa Rivera to recover damages for certain injuries she claims to have suffered on February 8, 1994, when she slipped and fell on ice on the public sidewalk in front of the property owned by Rivera at 36-38 Catherine Street in Hartford, Connecticut. In her one count Complaint dated April 28, 1994, the plaintiff alleges, more particularly, that:
 3. The defendant, her agents, servants and/or employees exercised complete control and possession over the property including the sidewalk in front of the property.
 4. On or about February 8, 1994, at about 9:10 a.m. plaintiff was walking on the sidewalk in front of the property when suddenly and without warning she was caused to slip and fall due to an accumulation of ice on the sidewalk.
 5. The plaintiff's fall was caused by the negligence and carelessness of the defendant in one or more of the following ways:
 a. defendant failed to keep the sidewalk in front of her property clear of ice;
 b. defendant failed to give adequate warning regarding the unsafe ice condition of the sidewalk in front of the property;
 c. defendant failed to properly and reasonably inspect the sidewalk in front of the property;
 d. defendant failed to keep the sidewalk in front of the property in CT Page 3357 a reasonably safe condition;
 e. defendant failed to take measures to remove or dissolve the accumulation of ice on the sidewalk despite the existence of the ice on the sidewalk for an unreasonable period of time;
 f. defendant knew, or in the exercise of reasonable care should have known of the unsafe and dangerous icy condition of the sidewalk, and should reasonably have taken measures to remedy or correct the dangerous and unsafe conditions, but failed to take measures to remedy or correct the dangerous and unsafe conditions;
 g. defendant failed to remove ice and/or failed to remove or sand ice sufficiently, in violation of Hartford Municipal Code §§ 31-143 and 31-145.
Complaint, ¶¶ 3-5.
The defendant has answered the plaintiff's Complaint by denying all allegations of negligence against her and asserting special defenses of failure to mitigate damages and contributory/comparative negligence. The plaintiff, in her Reply, has denied both special defenses.
Defendant Rivera now moves this Court for summary judgment on the ground that the plaintiff's Complaint does not state a claim upon which relief can be granted. In support of her Motion, she argues: (1) that the plaintiff's Complaint sounds only in common-law negligence, for it states no statutory basis for imposing liability upon the defendant, as is required for the proper assertion of a statutory claim by § 109A of the Connecticut Practice Book;[1] and (2) that the Complaint thus fails to state a claim upon which relief can be granted, for a landowner has no common-law duty to keep the public sidewalks abutting her property clear of ice CT Page 3358 and snow. The defendant has supported her Motion with two memoranda of law.
The plaintiff opposes the defendant's Motion, arguing that even though she has no common-law right of action against the defendant, she may properly pursue, and has sufficiently pleaded, a valid statutory cause of action against her under § 7-163a of the Connecticut General Statutes,[2] as implemented by § 31-150 of the Hartford Municipal Code.[3] Claiming that the facts alleged in her Complaint, if proved at trial, would clearly establish a violation of the above-referenced statute and ordinance, which together impose a duty upon all Hartford landowners to clear ice and snow off public sidewalks abutting their properties, the plaintiff contends that her cause of action cannot be defeated merely because she has not specifically identified them in her Complaint.
For the following reasons, the Court agrees with the plaintiff that the defendant's Motion for Summary Judgment must be denied.
 I
A motion for summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Scinto v. Stamm, 224 Conn. 524, 530
(1993). "In deciding a motion for summary judgment the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
There is considerable uncertainty as to whether a trial court may appropriately grant summary judgment on the ground that the complaint on which judgment is sought fails to state a claim upon which relief can be granted. In Boucher Agency, Inc. v. Zimmerman, 160 Conn. 404, 409
(1971), the Connecticut Supreme Court explicitly stated that such a ruling can properly be sought once the defendant has answers the complaint and closes the pleadings. In Burke v. Avitabile, 32 Conn. App. 765, 772
(1993), however, the Appellate Court flatly disagreed, stating that "[t]he office of a motion for summary CT Page 3359 judgment is not to test the legal sufficiency of the complaint, but is to test for the presence of contested factual issues. Practice Book Sec. 384." So stating, the Burke Court discounted the precedential value ofBoucher as follows:
 Boucher . . . seems to indicate that a motion for summary judgment can be used to test the legal sufficiency of the complaint prior to judgment. While recognizing Boucher, the fact that it was decided in 1971 and has not been cited for that proposition to this date, leads us to the conclusion that it is anomalous.
Id., n. 9.
Against this uncertain background, prudence requires this Court to presume that the Boucher case, however anomalous, remains the law of the State of Connecticut. The Court will therefore decide the merits of the defendant's claim.
 II
The defendant bases her challenge to the sufficiency of the plaintiff's Complaint on § 109A of the Connecticut Practice Book. § 109A, as previously noted, provides in relevant part as follows:
 (a) When any claim made in a complaint, cross complaint, special defense, or other pleading is grounded on a statute, the statute shall be specifically identified by its number.
Under this rule, the defendant argues, any statutory cause of action must fail if the statute on which it is based is not "specifically identified by its number" in the plaintiff's complaint. Id.
Though this argument has some superficial appeal, there are two important reasons why it must be rejected. CT Page 3360 First, where, as here, a challenged pleading alleges all the essential elements of a valid statutory claim, rejection of that claim for failure to cite the underlying statute would be pointless and gratuitous, for the one true purpose of § 109A — to give the pleader's adversary fair notice of his statutory claims — would have been satisfied. If the claim were disallowed for such technical non-compliance with the rule, the ends of justice would be very poorly served. Secondly, and more importantly, the acceptance of the defendant's argument would violate controlling Connecticut case law interpreting and applying § 109A. Under those authorities, it is conclusively established that "the requirement of § 109A is directory rather than mandatory," and thus that the failure of a challenged pleading to comply with that requirement cannot defeat a statutory claim that is otherwise properly presented therein. Rowe v. Godou, 12 Conn. App. 538, 542 (1987),reversed on other grounds in Rowe v. Godou, 209 Conn. 273
(1988); DeVito v. Esposito, 13 Conn. App. 101, 103-04
(1987).
In Rowe, the Appellate Court was asked to find error in the granting of a motion to strike which had been based upon, but failed to cite, a statute. Rejecting this argument, the Court determined that the motion was properly considered by the trial court because, even though it violated § 109A, it otherwise gave sufficient notice of the pleader's statutory claim.
Similarly, in DeVita, the Appellate Court ruled that a complaint which was based upon but failed to cite a statute presented a proper, legally sufficient claim under that statute since its allegations clearly fell within the statute, and the statute superseded all similar pre-existing common-law causes of action. Reasoning that there could thus be "no confusion about the basis of the plaintiff's cause of action, and . . . no doubt that [the unnamed statute] served as the basis for the . . . action[,]" the Court concluded that "the plaintiff's failure to plead specifically the statute will not, in this case, bar his claim . . . from effective appellate review." Id., 104.
III CT Page 3361
Against this background, the defendant's challenge to the legal sufficiency of the plaintiff's Complaint must obviously be rejected. The plaintiff clearly bases her cause of action on the defendant's alleged breach of a duty to remove ice from the public sidewalk abutting her Hartford property. The duty of Hartford landowners to clear ice from the public sidewalks abutting their properties did not exist at common law, but has been imposed by § 31-150 of the Hartford Municipal Code, which implements § 7-163a of the Connecticut General Statutes. Therefore, this Complaint, like the complaint in DeVita, leaves no room for doubt or confusion that the one true basis of the plaintiff's claim is the uncited statute, as implemented in and for the City of Hartford by the uncited ordinance. Since the allegations of the Complaint state all the elements of the plaintiff's statutory claim, and thus give fair notice of that claim despite the plaintiff's failure to comply with § 109A, the claim remains legally viable, and the defendant's Motion for Summary Judgment must be denied.
It is so ordered this 11th day of April, 1996.
Michael R. Sheldon, J.