WILLIAM A. STUART ET AL. *v.*
RICHARD M. FREIBERG
(AC 27919)

DiPentima, McLachlan and Dupont, Js.

858

Argued April 24—officially released July 31, 2007

*Sandra J. Akoury*, with whom, on the brief, was *Paul J. Pacifico*, for the appellants (plaintiffs).

*Stephen H. Gross*, with whom was *John K. McDonald*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. The plaintiffs, William A. Stuart and Jonathan Stuart, appeal from the judgment of the trial court rendered following the granting of the motion filed by the defendant, Richard M. Freiberg, to strike all four counts of the plaintiffs' complaint. The plaintiffs claim that the court improperly granted the motion to strike because (1) the motion failed to specify the grounds of insufficiency as required by Practice Book § 10-41,[1] (2) they pleaded sufficient facts to support

---

[1] Practice Book § 10-41 provides: "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."

their claims, (3) the court concluded that they did not allege the existence of a legally cognizable duty of care owed by the defendant and (4) the court concluded that the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., was not applicable to their claim of professional malpractice. Because we agree with the plaintiffs' first claim, we reverse the judgment of the trial court and do not address the remaining claims.

The following procedural history and facts, as alleged in the complaint, are relevant to the plaintiffs' appeal. The plaintiffs and Kenneth J. Stuart, Jr. (Stuart, Jr.), who is not a party to this action, are brothers and the only children and heirs of Kenneth J. Stuart, Sr. (Stuart, Sr.). Stuart, Jr., is the executor of Stuart, Sr.'s estate, the trustee of Stuart, Sr.'s living trust and the general partner of Stuart & Sons, L.P. The plaintiffs commenced a prior action against Stuart, Jr., and others, claiming that Stuart, Jr.'s actions in his capacity as executor, trustee and general partner dissipated the assets of the estate, trust and limited partnership.

The defendant, a certified public accountant, was the accountant for the estate, trust, limited partnership and Stuart, Jr., individually. The plaintiffs commenced the present action, claiming that the defendant was aware that Stuart, Jr., was commingling his personal funds with those of the estate, trust and limited partnership and that Stuart, Jr., used the assets of those entities for his own personal expenses. They further alleged that the defendant did not reflect certain transactions in the financial summaries, compilations and statements that he prepared on behalf of the estate, trust and limited partnership, and that he provided misleading and inaccurate information to the plaintiffs, knowing that they would rely on his representations. The plaintiffs' complaint alleged that the actions of the defendant constituted fraud, negligent misrepresentation, professional malpractice and a violation of CUTPA.

The defendant moved to strike all of the counts in the plaintiffs' complaint "on the grounds that they are legally insufficient and fail to allege any facts that would indicate [that the] defendant is liable to [the] plaintiffs" without further specificity. The defendant submitted a memorandum of law in support of the motion at that time. The plaintiffs filed an objection to the motion to strike, claiming, inter alia, that the motion merely provided a general statement that their complaint was legally insufficient and failed to state the basis for the claimed insufficiency in the motion itself. The court issued its memorandum of decision on April 27, 2006, in which it concluded that the plaintiffs failed to allege conduct sufficient to state a cause of action in fraud, that there was no privity between the plaintiffs and the defendant, that the complaint failed to allege the existence of a legally recognized duty of care owed by the defendant to the plaintiffs and that a professional malpractice claim was not cognizable under CUTPA. The court struck the complaint in its entirety. The plaintiffs did not file a new pleading; see Practice Book § 10-44; and the court rendered judgment in favor of the defendant. This appeal followed.

The plaintiffs first claim that the court improperly granted the defendant's motion to strike because the motion failed to specify the grounds of insufficiency as required by Practice Book § 10-41, a claim that also had been raised before the trial court. The plaintiffs argue that the failure to comply with Practice Book § 10-41 rendered the motion fatally defective. We agree. The resolution of that issue is dispositive of the appeal; accordingly, we do not reach the plaintiffs' remaining claims.

The standard of review in an appeal from the granting of a motion to strike is well established. "Because a motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings

by the trial court, our review . . . is plenary." (Internal quotation marks omitted.) *Doe* v. *Yale University*, 252 Conn. 641, 667, 748 A.2d 834 (2000). If a party wants to challenge the legal sufficiency of a complaint, the proper procedural vehicle is the motion to strike. Practice Book § 10-41 requires that a motion to strike raising a claim of insufficiency "shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency."

"Motions to strike that do not specify the grounds of insufficiency are fatally defective and, absent a waiver by the party opposing the motion, should not be granted. . . . Our Supreme Court has stated that a motion to strike that does not specify the grounds of insufficiency is fatally defective . . . and that Practice Book § [10-42], which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of [Practice Book § 10-41] that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citations omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 64 Conn. App. 9, 13–14, 779 A.2d 198 (2001).

In the present case, the plaintiffs, in opposing the defendant's motion to strike, clearly did not waive the motion's noncompliance with Practice Book § 10-41. The plaintiffs objected to the defendant's motion on that ground in their brief filed with the trial court and have raised that issue on appeal. If the plaintiffs had not objected to the form of the motion to strike, we would have considered the motion in the form presented to the trial court because Practice Book § 10-41 is not jurisdictional in nature. See *Bouchard* v. *People's Bank*, 219 Conn. 465, 468 n.4, 594 A.2d 1 (1991); *Blancato* v. *Feldspar Corp.*, 203 Conn. 34, 36 n.3, 522 A.2d

1235 (1987); *Morris* v. *Hartford Courant Co.*, 200 Conn. 676, 683 n.5, 513 A.2d 66 (1986).

Here, an objection to the form of the motion was made. The motion itself failed to set forth separately each claim of insufficiency and failed to specify distinctly the reasons for each claimed insufficiency. Simply stating that all of the counts "are legally insufficient" and that they "fail to allege any facts that would indicate [that the] defendant is liable to [the] plaintiffs" cannot be considered compliance with Practice Book § 10-41. The complaint was in four counts, and the defendant gave several reasons for his challenge to the causes of action as alleged by the plaintiffs in his memorandum of law in support of the motion. Those reasons, however, were not contained in the motion itself, and the fact that they were provided in the accompanying memorandum of law does not save the motion from being considered "fatally defective."[2] See *Barasso* v. *Rear Still Hill Road, LLC*, supra, 64 Conn. App. 13–14.[3]

[2] Initially, it may appear that form is being elevated over substance by adhering strictly to Practice Book § 10-41. That section, however, clearly places the burden on the party filing the motion to strike to state the grounds of the claimed insufficiency in the text of the motion. As correctly noted by the Superior Court in *Bucon, Inc.* v. *ARC Icesports Danbury, Inc.*, Superior Court, judicial district of Waterbury, Docket No. CV-99-0160473-S (February 8, 2001), if that procedure is not followed, it puts the party opposing the motion and the court to the task of trying to locate in the accompanying memorandum of law the various claims of insufficiency that are being made. "In poorly organized briefs, such a hunt for grounds presents the hazard of missing claims or responding to observations that the movant does not actually assert as grounds." Id.

[3] There is one decision by this court in which we concluded that it was proper for the trial court to consider the reason proffered in the motion to strike together with additional information provided in the supporting memorandum of law. In *Rowe* v. *Godou*, 12 Conn. App. 538, 539, 532 A.2d 978 (1987), rev'd on other grounds, 209 Conn. 273, 550 A.2d 1073 (1988), the defendants requested the court to strike the plaintiff's complaint on the ground that the action was " 'barred by statute,' " but they failed to cite the statutory authority. The supporting memorandum of law identified the applicable statute as General Statutes § 7-308. *Rowe* v. *Godou*, supra, 540.

We concluded that a motion to strike that lacks specificity but which adequately submits the material issue to the court is sufficient to comply

Accordingly, because the defendant's motion failed to set forth each claim of insufficiency and failed to specify the grounds of insufficiency as required by Practice Book § 10-41, we must conclude that the court improperly granted the motion to strike.

The judgment is reversed and the case is remanded with direction to deny the defendant's motion to strike and for further proceedings in accordance with law.

In this opinion the other judges concurred.

with Practice Book § 10-41 (then § 154). *Rowe* v. *Godou,* supra, 541–42. Our Supreme Court, in reviewing that issue on appeal, stated that it agreed with our reasoning, and the result that we reached, in deciding that issue. *Rowe* v. *Godou,* 209 Conn. 273, 275, 550 A.2d 1073 (1988). Here, the defendant's motion to strike did not adequately submit the material issue to the court.