[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S COUNTERCLAIM (113)
Plaintiff Helming files a revised three-count complaint on March 16, 1992 against the defendant, Hunter's Meriden Ambulance Service. The Plaintiff claims a balance due. $79,609.50, for accounting services rendered to the defendant. which, according to the plaintiff, the defendant has failed or refused to pay.
On January 13, 1993, the defendant filed an answer to all three counts of the plaintiff's revised complaint. Included in the defendant's answer is (1) a two-count counterclaim sounding in negligence and fraudulent misrepresentation; (2) a set-off, and (3) eleven special defenses as to all counts of the plaintiff's revised complaint.
On January 29, 1993, the plaintiff moves to strike the entire counterclaim contained in the defendant's answer.
The operative dates contained in the plaintiff's second revised complaint appear to be from April, 1990 to May, 1991. However, the defendant, in its eleven special defenses contained in its answer, alludes to several different dates, going back as far as October of 1987.
Moreover the set-off contained in the defendant's answer contains nothing regarding any relevant dates.
Likewise defendant's counterclaim alleging negligence, fraudulent misrepresentation and CUTPA is also silent as to any relevant time frame.
Though arguable as to whether the plaintiff's claim arises out of the same transaction the omission of a specific time frame renders the counterclaim legally insufficient. In CT Page 2466 order for the plaintiff to be sufficiently apprised of what evidence may be presented at trial a specific time frame should be alleged.
Practice Book 116 provides in pertinent part: ". . . In any action for legal or equitable relief, any defendant may file counterclaims against any plaintiff . . . provided that each such counterclaim . . . arises out of the transaction or one of the transactions which is the subject of the plaintiff's complaint. . . ." Conservation Commission v. Price, 193 Conn. 414,431, 479 A.2d 187 (1984).
Practice Book 152 provides in pertinent part: "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim . . . or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike the contested pleading or part thereof." Rowe v. Godou, 209 Conn. 273, 280 n. 10,550 A.2d 1073 (1988).
The plaintiff's motion to strike defendant's counterclaim is therefore granted.
Dorsey, J.