[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants, Robert F. McNulty and the town of East Hartford, move to strike counts one and two of the plaintiffs' complaint.
By second amended complaint dated May 17, 1989, plaintiffs, Gary Cooper and Michael Lefebvre, instituted an action in two counts against defendants, town of East Hartford and Robert F. McNulty, mayor of East Hartford seeking, in part, indemnification pursuant to Connecticut General Statutes 53-39a.
The plaintiffs allege the following facts in the first count of their complaint. Plaintiffs Cooper and Lefebvre were employed by the East Hartford Police Department. The defendant CT Page 2603 town of East Hartford was the employing governmental unit of the plaintiffs. Defendant McNulty was the mayor of defendant town and was the "senior official for decision-making authority including payment of monies owed to the plaintiffs." On August 5, and 6, 1987, Cooper and Lefebvre, respectively, were arrested and charged with certain offenses by the East Hartford Police Department. These arrests allegedly arose out of an incident while the plaintiffs were acting within the course of their duties as police officers. On February 25, 1988, a jury returned verdicts in favor of Cooper and Lefebvre. On June 6, 1988, the plaintiffs sent to defendant McNulty and the defendant town of East Hartford a statement of legal services and other costs sustained by the plaintiffs as a result of their prosecution and demanded indemnification under Connecticut General Statutes53-39a. The defendants, town of East Hartford and McNulty have refused to pay the money requested by the plaintiffs. The plaintiffs further allege in the first count of their complaint that the plaintiffs are entitled to indemnification by the defendants under Connecticut General Statutes 53-39a.
The plaintiffs incorporate the first count into the second count and further allege in their second count the following facts. The defendants' refusal to indemnify plaintiffs is a result of the "plaintiffs' repeated exercise of their rights to speak freely and to petition and/or apply to the town government for redress of grievances, in violation of the first andfourteenth amendments to the United States Constitution, ArticleI 4 and 14 of the Connecticut Constitution, and Title 42 United States Code 1983 and 1988." The plaintiffs further allege in the second count of their complaint that the town of East Hartford is liable to the plaintiffs for the deprivation of their civil rights for one or both of the following reasons: "(a) the defendant Robert F. McNulty holds final decision-making authority for the defendant town of East Hartford, with respect to the defendant town's refusal to indemnify the plaintiffs for their economic losses; (b) the defendant town of East Hartford had actual notice of the actions of the defendant Robert F. McNulty, and ratified or sanctioned these actions, evidenced by the failure of town officials to respond to plaintiffs' demand letter and the acknowledgement of the demand by the Office of the Corporation Counsel."
Pursuant to Connecticut Practice Book 152 et seq., defendants Robert F. McNulty and the town of East Hartford jointly filed a motion to strike counts one and two of the plaintiffs' complaint on the grounds that: (1) the "complaint is legally insufficient in that it fails to state a cause of action against all the defendants" for the reason that "the complaint fails to allege that the defendant Robert F. McNulty is the plaintiffs' "employing governmental unit"; and (2) "the complaint misjoins CT Page 2604 the defendant Mayor Robert F. McNulty as a party." The defendants have filed a supporting memorandum of law. The plaintiffs have filed a memorandum of law in opposition to the defendants' motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading. Practice Book 152." Mingachos v. CBS, Inc., 196 Conn. 91,108 (1985). If the facts provable under the allegations of the complaint would support a cause of action, the motion to strike must fail. Id. at 109. Where a plaintiff's complaint is confusing because it joins in a single count separate causes of action that may be joined in one complaint, the proper cure is to file a request to revise pursuant to Connecticut Practice Book 147, not a motion to strike the entire complaint. Rowe v. Godou,209 Conn. 273, 279 (1988).
Connecticut Practice Book 147 provides:
 Whenever any party wishes to obtain (1) a more complete or particular statement of the allegations of the adverse party's pleadings, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading.
See Rowe v. Godou, 209 Conn. 273, 279 n. 8 (1988).
In the present case, the plaintiffs' allegations in count one are directed against both defendants, McNulty and the town. The first count alleges that the town is the plaintiffs' "employing governmental unit" and alleges that McNulty is the "senior official for decision-making authority including payment of monies owed to the plaintiffs." The second count seeks recovery against the defendant town only.
The defendants have jointly filed a motion to strike counts one and two of the plaintiffs' complaint essentially on the ground that the "complaint is legally insufficient in that it fails to state a cause of action against all the defendants" CT Page 2605 for the reason that the complaint fails to allege that the defendant Robert F. McNulty is the plaintiffs' "employing governmental unit." However, pursuant to Rowe v. Godou, such a motion is improper. The proper cure available to the defendants is to file, pursuant to Connecticut Practice Book 147, a request to revise requiring separate statements as to each defendant on counts one and two, rather than to file a motion to strike under Connecticut Practice Book 152. Accordingly, defendants' motion to strike counts one and two of plaintiff's complaint is denied.
HENNESSEY, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 2620