[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #110
The plaintiff, Robert Faubel, brought his complaint in seven counts, sounding in breach of contract, negligent and intentional misrepresentation, CUTPA and fraud. The defendants are Fax Corporation of America, Seymour Buton, Guy Moirez and Robert Bogart. The alleged facts are as follows. Faubel entered an agreement with defendant Fax Corporation CT Page 5660 of America (Fax Corp) to become an "Independent sales Distributor" after attending a sales presentation conducted by defendants Seymour Buton and Fax Corp.
Faubel paid $15,000 for an exclusive territory in which he would place ten facsimile machines, purchased from Fax Corp., in public sites, for use by the public. He further agreed to pay other sums to Fax Corp and to purchase additional facsimile machines from Fax Corp in subsequent years. Fax Corp agreed to refund Faubel's monies if he were unable to obtain financing for the facsimile machines, or if he were unable to find appropriate public sites in which to place the machines.
Faubel was informed that Connecticut distributorships were handled through two "master distributors," Robert Bogart and Guy Moirez, also defendants in this suit. Count Four alleges that all the defendants intentionally misrepresented certain facts to plaintiff. Faubel specifically alleges in paragraph 7b that:
 Defendant Moirez advised the Plaintiff to purchase two Faxgram Machines with the Plaintiff's own money since Plaintiff's application with Vicom, Inc., the financing company had not yet been approved. Moirez stated stated that the machines would later be financed through Vicom, Inc. Moirez did not have any basis for knowing with any reasonable certainty that Vicom, Inc. would finance the plaintiff's purchase.
Complaint, Count 4, paragraph 7b.
The plaintiff's sixth count alleges that defendants Buton, Moirez and Bogart are personally liable for the acts of Fax Corp which took place when Fax Corp was not authorized to conduct business in Connecticut, Fax Corp having failed to conform to the requirements of Connecticut General Statutes36-503, et seq., the Connecticut Business Opportunity Investment Act.
Plaintiff claims that he has been injured in that, despite demand, defendants have refused to return his $15,000 as per the terms of the contract.
Defendants Moirez and Bogart now move to strike Counts Four and six. They support their motion with a memorandum of law. Faubel has filed an objection to the motion to strike as to Count Four, but not Count Six. Faubel also filed a memorandum of law. CT Page 5661
The motion to strike contests the legal sufficiency of the allegations of the complaint. Connecticut Practice Book 152 (1990). It admits all facts well pleaded; it does not admit legal conclusions. Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). The plaintiff must allege some recognizable cause of action in his complaint. Robert S. Weiss Associates v. Wiederlight, 208 Conn. 525, 535, n. 5 (1988). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint," Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170 (1988) and must construe those facts in the manner most favorable to the pleader. Rowe v. Godou, 209 Conn. 273, 278 (1988).
The defendants Moirez and Bogart claim in their motion to strike Count Four that the count fails to state the elements of a cause of action for intentional misrepresentation, although they fail to provide that court with any specific omissions in the plaintiffs' allegations other than to repeat the element of the tort.
 Under our common law, a person claiming to be a victim of fraud or misrepresentation had to prove "that a false representation was made as a statement of fact; that it was untrue and was known to be untrue by the party making it; that it was made to induce the other party to act on it; and that he did so to his injury. (citations omitted).
Web Press Services Corp. v. New London Motors, Inc.,203 Conn. 342, 362 (1987).
The plaintiff argues that his allegations are adequate to claim misrepresentation. Specifically, in Count Four, paragraph seven the plaintiff alleges that "The Defendants intentionally misrepresent the following material facts."
 (a) Buton represented that FCA would provide the services of a professional "site location" to obtain "profitable locations" . . .
 (b) Moirez advised plaintiff to purchase two Faxgram machines with his own money and that the financing company would finance them later, even though "Moirez did not have any basis for knowing with reasonable certainty, that Vicom, Inc. would finance plaintiff's purchase." CT Page 5662
 (c) At the sales presentation conducted by Buton, plaintiff was given a profit statement which misrepresented the profitability of the Faxgram machines.
 (d) That Fax Corp agreed to service the two machines purchased from Fax Corp, but was unable to repair them.
The plaintiff has not alleged that the representations were untrue, and known to be untrue by the party making the representations.
The only allegation made by plaintiff in Count Four that suggests intentional misrepresentation, that "Moirez did not have any basis for knowing with reasonable certainty" that Vicom, Inc. would finance plaintiff's purchase, does not approach the level of the required element, "known to be untrue by the party making it." Accordingly, it is the opinion of the court to strike Count Four should be granted as to the moving defendants Bogart and Moirez only on the ground of failure to plead an element of the cause of action.
In Count Six the plaintiff alleges that Fax Corp is not authorized by the Secretary of State of Connecticut to do business in Connecticut and that the defendants Buton, Moirez and Bogart therefore, are personally liable for the actions of those individual defendants because they acted on their own behalf in their dealings with the plaintiff. The plaintiff incorporates some general factual allegations of Count One.
The defendants argue in their memorandum that Count Six does not allege any wrongdoing on the part of any defendant. They argue that, as plaintiff alleges in paragraph three that defendant Fax Corp is a Delaware corporation, Connecticut General Statutes 33-411 (b) and 33-412 (b) apply.
Connecticut General Statutes 33-311 (b) provides:
 Any foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business.
CT Page 5663
Connecticut General Statutes 33-412 (b)provides:
 (b) The failure of a foreign corporation to obtain a certificate of authority to transact business in this state shall not impair the validity of any contract or act of such corporation and shall not prevent such corporation from defending any action, suit or proceeding in any court of this state.
It is found that although the statutes cited by the moving defendants are not pertinent to their position, the plaintiff has not alleged any facts that would give rise to a cause of action against the movants in Count Six. Accordingly, Count Six should be stricken.
The motion to strike Counts Four and Six as to defendants Moirez and Bogart is granted.
JOHN J. P. RYAN, JUDGE.