[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (NO. 103) CT Page 6991
Defendant Local Union moves to strike plaintiff's seven paragraph complaint seeking injunctive relief. Defendant claims that the motion should be granted because the complaint is legally insufficient in that:
1. the allegations do not show that contractual remedies have been exhausted;
2. the complaint admits an adequate remedy at law; and,
3. it does not allege facts showing irreparable damage.
A motion to strike is the proper vehicle with which to test the legal sufficiency of the allegations of a complaint or any counts of the complaint therein. Connecticut Practice Book 152(1). In ruling on a motion to strike the court is limited to the facts alleged in the complaint. Rowe v. Godeu, 209 Conn. 273,278, 550 A.2d 1073 (1988). The court must construe the facts in the complaint most favorably to the plaintiff. See Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1985). "If a plaintiff's complaint contains the necessary elements of a cause of action, it will survive a motion to strike." D'Ulisse-Cupo v. Board of Directors,202 Conn. 206, 218-19, 520 A.2d 217 (1987).
I. EXHAUSTION OF REMEDIES
Defendant relies on School Administrators v. Dow,200 Conn. 376 (1986) which states at page 382:
 We hold then that, as a matter of state law, parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court. [Emphasis supplied.]
Defendant also relies on Turner Construction Co. v. Eppoliti, Inc., 28 Conn. App. 139 (1992) for the proposition that this dispute must go to arbitration before anyone can bring a lawsuit.
The problem with this claim is that the contractual terms are not alleged and the contract was not annexed and incorporated into the complaint. The court simply does not know if there is an exclusive arbitration clause in the contract as required under the Dow case, supra. The motion cannot be CT Page 6992 granted on this ground.
II. ADEQUATE REMEDY AT LAW
Defendant claims that arbitration is an adequate remedy at law under Sotire v. Stamford, 19 Conn. App. 505, 513
(1989). It argues that "the plaintiff is attempting to avoid the very arbitration procedure for which it has collectively bargained" (Memorandum of defendant, page 5, emphasis in original.)
No arbitration procedure is alleged in the complaint. In fact, paragraph five of the complaint alleges:
 The union has now requested arbitration on this matter for which it has no contractual right.
Reading this language in a light most favorable to plaintiff, it could well be construed as an allegation that there is no arbitration agreement between the parties.
Defendant's claim that an adequate remedy at law is admitted in the complaint is without merit.
III. IRREPARABLE DAMAGE
The only paragraph (number six) alleging irreparable damage states:
 The plaintiff, Greater Bridgeport Transit District, contends that it will be irreparably injured if the defendant, Union, is allowed to force arbitration for matters that are not within the prescribed time limits as set forth by its agreement with the plaintiff.
Arbitration is a creature of contract, see Turner Construction Co. v. Eppoliti, Inc., 28 Conn. App. 139, 142
(1992), or it is required by law. Plaintiff can hardly be "forced" into arbitration procedures to which it has already agreed. If arbitration is required by statute or other law, defendant is not "forcing" arbitration, the law is. In either event there can be no harm to plaintiff. If no arbitration is required by contract or law, defendant's actions are a nullity. If arbitration is required, plaintiff can avail itself of that procedure and any judicial review to which it is entitled.
The motion to strike is granted on this claim. CT Page 6993
E. EUGENE SPEAR, JUDGE