[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: REQUEST TO REVISE
The plaintiff William Scribner filed a four-count complaint against the defendants AIU Insurance Company, American International Adjustment Company, and George Duborg. CT Page 10297
The defendant AIU Insurance and American International Adjustment Company filed a request to revise on September 23, 1993, and the defendant George Duborg filed a request to revise on September 23, 1993. The plaintiff filed objections to the defendants' requests to revise.
I. The defendant George Duborg.
1. The first count of the plaintiff's complaint alleges bad faith. The defendant requests the plaintiff to revise this count to indicate whether it is against him and if so, which paragraphs are being directed towards him. The plaintiff objects to the requested revision and argues that the count is against all the defendant's and for this reason they should not be separated.
The defendant is entitled to have the theories of liability against each defendant separated into separate counts.
2. The second count of the plaintiff's complaint alleges a violation of CUIPA and CUTPA. The defendant Duborg requests that the plaintiff revise this count to state whether or not it runs against the defendant Duborg.
The plaintiff refers only to the defendant insurers as having violated CUIPA and CUTPA, and therefore the plaintiff's objection is sustained.
3. The third count of the plaintiff's complaint alleges a claim of wilful and reckless misconduct. The defendant Duborg requests that the plaintiff revise this count to be more specific as to whether it runs against the defendant Duborg.
The third count of the plaintiff's complaint is unclear as to whom it is against and therefore the court overrules the plaintiff's objection.
4. The defendant Duborg requests that the plaintiff revise the tenth paragraph of the fifth count to include a more complete or particular statement of the permanent injuries suffered.
The plaintiff has alleged in his complaint that he CT Page 10298 suffers from a neurological disorder called ataxia. The plaintiff claims that the defendants' conduct has caused a permanent aggravation of the plaintiff's prior neurological disorder. The plaintiff has put forth material facts sufficient to apprise the defendants of the nature of his injury. The plaintiff is not required to plead evidence.
II. The defendants AIU Insurance Company and American International Adjustment Company.
1. The defendants request that the plaintiff delete the following from its first count alleging bad faith on the ground that it is unnecessary, scandalous, impertinent, immaterial or improper: "although the plaintiff was confident that he would prevail in receiving all of the available underinsured motorist benefits upon completion of the plaintiff's arbitration. . ."
The plaintiff objects to the defendants request arguing that such allegations are necessary to his bad faith claim.
The plaintiff's objection is overruled.
2. The defendant's request that the plaintiff revise the twenty-first paragraph of its first count to state upon which statute it relies pursuant to Practice Book 109A. The plaintiff's objection is overruled and if the plaintiff is relying on the violation of a statute, the plaintiff should identify it by number. Rowe v. Godou. 209 Conn. 273 (1988).
3. The defendants request that the plaintiff revise the twenty-eighth paragraph of his first count to more concisely specify the nature and extent of his prior neurologic condition.
The court sustains the plaintiff's objection. See Duborg's request No. 4, above.
4. The defendants request that the plaintiff revise his second count to separate out the two different causes of action.
The plaintiff, in his second count, is alleging a CUTPA claim based on a violation of CUIPA. As they are not two CT Page 10299 distinct causes of action, the court sustains the plaintiff's objection.
5. The defendants request that the plaintiff revise his second count to specify which business practice of the defendants continued over a three-year period.
The plaintiff has specifically pled the alleged violations, and as such has apprised the defendants of his claims against them. The defendants may seek such information through discovery, therefore the plaintiff's objection is sustained.
6. The defendants request that the plaintiff revise his third count by deleting it because it is repetitious of other causes of action previously asserted in the complaint.
The plaintiff objects to the defendants' request and argue that his third count alleges a new cause of action; common law reckless and wilful misconduct.
The plaintiff's third cause of action reads as a violation of CUTPA. If the plaintiff is attempting to allege common law reckless misconduct, he should revise his complaint to delete references to CUTPA, otherwise it is merely repetitious. Therefore, the plaintiff's objection is overruled.
7. The defendants request that the plaintiff revise paragraph 30 of his fourth count to state with more specificity which conditions of the policy had been performed. The plaintiffs' objection is sustained because the plaintiff has pled that he has completed all the conditions of the insurance policy, which is sufficient to apprise the defendants of the plaintiff's claim.
Austin, J. CT Page 10300