[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Thomas Collins has filed this one-count complaint against the defendants Bridgeport Resco Co., Limited Partnership and SES Bridgeport, Inc., alleging that after he filed a workers' compensation claim against them, he was fired. The defendants move to strike the complaint, arguing that because the plaintiff was released by his doctor for light-duty work and because he was terminated in lieu of the employer finding light-duty work for the plaintiff to do, his is a cause of action under Conn. Gen. Stat. Sec. 31-313 for which the exclusive remedy is an administrative hearing before the Workers' Compensation Commission.
The material allegations of the plaintiff are contained in paragraphs 7 and 8 of his complaint:
 6. On or about March 28, 1989, the plaintiff suffered an injury in the course and scope of his emplioyment [sic] with the Defendants, for which he received workers' compensation. . . .
 7. On October 15, 1991 the Plaintiff's physician released him to light duty employment.
 8. On or about October 16, 1991, the Defendants discharged the Plaintiff from their employment in retaliation for his exercise of rights under [the Workers' Compensation Act].
Although the defendants have sought to characterize the plaintiff's claim as one arising out of Conn. Gen. Stat. Sec. 31-313, the plaintiff has not characterized it as such, nor more importantly has he pleaded it as such. The allegations of the complaint allege retaliatory discharge, for which there is a cause of action under Conn. Gen. Stat. Sec. 31-290a, and under which the employee may elect the Superior Court as a forum.
Nor does the case of Wright v. Turner and Seymour Mfg. Co., No. 54079, Litchfield J.D., 1991 CaseBase 5450 (June 25, 1991) persuade that a different result is warranted. In that case the CT Page 2117 court (Pickett, J.) found that what had been alleged was, in fact, a dispute over light-duty work, after which the employee was discharged. The complaint in that case was explicit that such was the case. The court found that any such dispute had robe resolved in the administrative forum and struck the counts which alleged that dispute to be the basis.
Here, the complaint alleges no such dispute, but only a garden-variety retaliatory discharge. As such, it is governed by31-290a, not 31-313. It may be, as counsel for the defendants stated at oral argument, that there will be evidence of such a dispute; but that is an issue of proof, not of pleading. At this stage, the Motion to Strike must be decided within the four walls of the pleadings. Rowe v. Godou, 209 Conn. 273, 278 (1988).
The Motion to Strike is denied.
PATTY JENKINS PITTMAN, JUDGE