[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Frederick A. Green, filed this action against defendants, the City of New Haven and James McKiernan, on January 11, 1993; a two count amended complaint was filed on March 8, 1993.
On December 8, 1993, defendants filed their amended special defenses. Plaintiff filed a motion to strike the first, second and third special defenses on January 5, 1994; said motion is now before this court.
Count one of plaintiff's amended complaint alleges that that McKiernan, employed by the City of New Haven as a fireman negligently operated a vehicle while in the scope of his employment and that plaintiff was injured as a result of that conduct; it alleges a collision was caused by McKiernan's negligence in various ways, including a violation of General Statutes § 14-283(b)(2) and § 14-283(d). Although General Statutes § 14-283 applies only to an emergency vehicle, this court observes there is no allegation in either count of the amended complaint that the vehicle operated by McKiernan was an emergency vehicle within the meaning of said statute.
Count two reasserts the allegations contained in the first count, and adds that McKiernan is a fireman, employed by the City of New Haven and that, at the time of the collision, McKiernan was operating a vehicle within the scope of his employment and authority as a fireman. Count two further alleges that McKiernan's actions were not "wilful or wanton", that notice of plaintiff's intention to commence the action was filed with the city pursuant to General Statutes § 7-308, and that the demand upon which the action is rounded was hand-delivered to the town clerk.
Defendants' first special defense, which is directed to both counts, alleges that both defendants are immune from liability pursuant to General Statutes § 14-283 because McKiernan, a city employee, was operating an emergency fire department vehicle in response to an emergency call, and the vehicle had its flashing lights and siren activated. Plaintiff moves to strike the first special defense on the ground that the defense "errs" by alleging that McKiernan is immune from liability pursuant to § 14-283, and on the ground that this special defense is barred by General Statutes § 7-308.
General Statutes § 14-283(b)(2) provides that "(b) The operator of any emergency vehicle may . . . (2) proceed past any red light CT Page 7114 or stop signal or stop sign, but only after slowing down or stopping to the extent necessary for the safe operation of such vehicle[.]" Section 14-283(d) provides that "The provisions of this section shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property."
This statute does not confer immunity upon operators of emergency vehicles. The effect of § 14-283 "is merely to displace the conclusive presumption of negligence that ordinarily arises from the violation of traffic rules." Tetro v. Stratford,189 Conn. 601, 609. This statute "does not relieve operators of emergency vehicles from their general duty to exercise due care for the safety of others." Id. Accordingly, plaintiff's motion to strike the first special defense should be granted on the ground that § 14-283 does not confer immunity on McKiernan or the City of New Haven.
Defendants' second special defense, which is directed only to count one of the amended complaint, alleges governmental immunity on behalf of McKiernan. This special defense asserts that McKiernan was operating an emergency fire department vehicle in response to an emergency call, and, therefore, he was exercising a governmental duty on behalf of the public.
The operation, by a fireman, of an emergency fire department vehicle in response to an emergency call is not a factual basis which immunizes that fireman from liability "under the Doctrine of Governmental Immunity". As already stated, § 14-283 recognizes that an operator of an emergency vehicle has the duty to exercise due care ae and that such an operator is liable for damages resulting from breach of said duty. Tetro v. Stratford, supra. In addition, § 7-308 imposes the obligation on the municipality to pay on behalf of a fireman all sums which "such fireman becomes obligated to pay by reason of liability . . . for damages . . . if the fireman . . . was performing fire duties and if such . . . damages was not the result of any wilful or wanton act of such fireman in the discharge of such duties. . . . Governmental immunity shall not be a defense in any action under this section." This statute is an indemnity statute similar to § 7-465. Rowe v. Godou, 209 Conn. 273, 276-280.
Accordingly, plaintiff's motion to strike the second special defense should be granted.
The third special defense, which is directed to count one, CT Page 7115 alleges that McKiernan is immune from liability pursuant to General Statutes § 52-557n(a)(2)(B) because, as a city employee, he "was exercising a discretionary governmental function on behalf of the public as an official function of the authority expressly or impliedly granted by law. . . ." Plaintiff moves to strike this special defense on the ground that it is inapplicable to firemen, a class to which defendant belongs, and because § 7-308 explicitly bars this special defense.
General Statutes § 52-557n(a) states that "(2) Except as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by . . . (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law."
"[W]hereas § 52-557n(b) immunizes both `political subdivisions' and `any employee, officer or agent acting within the scope of his employment or official duties' from liability in enumerated cases . . . § 52-557n(a) by contrast, addresses only the liability of `political subdivisions.'" (Citation omitted.). Sanzone v. Boardof Police Commissioners, 219 Conn. 179, 193. Accordingly, plaintiff's motion to strike the third special defense should be granted on the ground that it is inapplicable to McKiernan, a municipal employee.
Accordingly, plaintiff's motion to strike the first, second and third special defenses is granted.
Ronald J. Fracasse, Judge