[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' REQUESTS TO REVISE (FILE #101)
Plaintiff has filed a two count complaint consisting of sixty-four allegations (or paragraphs); the named defendants are the State of Connecticut, and the Commissioner of Environmental Protection. It is alleged that the defendants breached fiduciary duties owed the plaintiff, as well as violating the tribe's constitutional rights. Defendants, pursuant to Prac. Bk. Section 147, have filed fifty-eight requests to revise contained in a pleading one-hundred and fourteen pages in length. Plaintiff, in accordance with Prac. Bk. Section 149, has filed a timely objection to defendants' requested revisions.
Count One of plaintiff's complaint alleges, in essence, the following. Pursuant to General Statutes §§ 47-59(a) and47-63, plaintiff is a formally recognized Indian Tribe, which presently has two state-recognized reservations in Connecticut. Plaintiff originally possessed at least ten reservation sites throughout Connecticut; under various special acts and statutory authorizations, which date back to colonial times, defendants had, and have, a fiduciary duty to plaintiff. The said fiduciary duty requires defendants to (1) maintain reservation land and funds for the exclusive use of plaintiff; (2) facilitate the development and preservation of plaintiff as a self-sufficient, viable community; and, (3) assist plaintiff in securing support, such as state and federal funding.
Plaintiff Tribe alleges further that the State illegally encroached upon or transferred tribal and reservation lands. In 1982, the State, working with the federal government, legislatively settled land claims of the Mashantucket Pequots, another Connecticut Indian tribe; in settling those land claims, the State was fulfilling its fiduciary obligation to the Mashantucket Pequots. During the Summer of 1993, plaintiff filed numerous actions in the Superior Court and defendants publicly acted to defeat the litigation and legislative settlement of the disputed claims, thereby breaching their fiduciary duties to plaintiff. CT Page 9879
The second count of plaintiff's complaint incorporates the sixty-three paragraphs of the first count, and proceeds to allege, in paragraph sixty-four, that specified acts or omissions of defendants constitute a taking of plaintiff's property without due process of law, in violation of theFourteenth Amendment of the United States Constitution, and Article First, Section Eleven of the Constitution of the State of Connecticut.
In its prayer for relief, plaintiff requests: (1) a judgment or decree for an accounting, pursuant to General Statutes Section 52-401 et seq.; (2) a declaratory judgment that defendants, and their "predecessors in interest," have breached their trust responsibilities to plaintiff; and, (3) upon a failure of defendants to pay over to plaintiff any sums found owing as a result of an accounting, a judgment declaring that defendants' conduct has resulted in a taking of plaintiff's property without due process of law, with an award to plaintiff equal to the reasonable value of the property so taken.
"When a pleading does not fully disclose the grounds relied thereon, our rules of practice allow the responding party to move the trial court to order a more complete statement of the claim raised in a pleading; Practice Book §§ 108 and 147 . . . . In the event that a party believes it is called upon to respond to a pleading that improperly combines two or more claims in a single count, our rules permit the filing of a timely request to revise that pleading. Practice Book § 147; . . . ." (citations omitted.) Fuessenichv. DiNardo, 195 Conn. 144, 148, 487 A.2d 514 (1985).
Prac. Bk. Section 147 provides that "[w]henever any party desires to obtain (1) a more complete or particular statement of the allegations . . . (2) the deletion of any unnecessary . . . immaterial or otherwise improper allegations . . . (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count . . . . or (4) any other appropriate correction in an adverse party's pleading, "said party may file a timely request to revise. Prac. Bk. Section 108, entitled "Fact Pleading,"
states that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such CT Page 9880 statement to be divided into paragraphs . . . each containing as nearly as may be a separate allegation." This rule of practice further provides that "[i]f such pleading does not fully disclose the ground of claim . . . the court may order a fuller and more particular statement . . ." Prac. Bk. Section 138, entitled "Separate Counts," refers to "separate and distinct causes of action" being set forth in separate, numbered counts. See: e.g.: Yavis v. Sullivan, 137 Conn. 253,261 (1950) (separate slanderous publications should be alleged in separate counts).
A substantial number of defendants' requested revisions relate to the following: (1) the separation of the allegations of the first count (paragraphs #1 thru #63) intoseparate counts, each pertaining to the individual parcel of property claimed by plaintiff to be reservation property at a particular time in Connecticut history; (2) a legal, or more particularized, description of the specific land site alleged to have constituted each reservation property; and, (3) the correct and accurate citations for legislative and other governmental proceedings, and the record(s) thereof, going back to the earliest times of Connecticut history. With regard to (1) above, plaintiff's complaint seeks an accounting, and then a judicial finding of an unconstitutional taking, with regard to the following separate, alleged land reservations: "Turkey Hill," within what is now known as the Town of Orange; "Coram Hill" within the Town and City of Shelton; the "Golden Hill Reservation," laid out on approximately 80 acres in the colonial Town of Stratford, and legislatively confirmed as Tribal reservation land in and around May 1659 by the Connecticut Colonial General Court, the predecessor to the Connecticut General Assembly; "Nimrod Lot," apparently located around 1797 in the Town of Fairfield; land purchased for Tribal members between 1802 and 1833 located in the Town of Woodbury; tribal land purchased in the Nichols section of Trumbull between 1841 and 1849; a small parcel of land (1/4 acre) "in the area of the Old Trumbull reservation tract"; "Pottatuck," reservation property apparently once located in the present day Town of Southbury; and "Lonetown," once reservation land in what is now the Town of Redding. The requested separation of the Count One allegations into separate counts, with one separate count covering each of the above land sites, is generally covered in defendants' requests to revise #49 thru #57, to which plaintiff has objected. After reviewing the pleadings and documentation submitted, as CT Page 9881 well as the statutes relied on by plaintiff, it appears to the court that each land site, for pleading purposes, involves a separate transaction, or series of transactions pertaining to the particular land site, and therefore, a separate cause of action with respect to each alleged property. Accordingly, under Prac. Bk. Sec. 138, each separate cause of action is more properly set forth, or alleged, in separate, individual count. In such regard, it is recognized that a purpose of a request to revise is to prepare for a possible motion to strike, and it is counts in a complaint, not paragraphs, which may be stricken on appropriate motion. See: Rowe v. Godou,209 Conn. 273 (1988).
Defendants' request to revise #58 requests that Count II, the unconstitutional taking claim, also be separated into individual counts as to each of the reservation properties. While there is some merit to plaintiff's claim that the second count, the constitutional claim, is premised on the "aggregate
facts" alleged in paragraphs #1 thru #63, and that the constitutional claim involves a failure to account for and to pay over the value of all of said properties, it nevertheless appears to the court that an unconstitutional taking would relate to each of the properties, taken up and considered separately and individually, for which there was a failure to account (if ordered), and to pay over the reasonable value thereof.
A number of the requests to revise ask that plaintiff plead the complete legal description of the alleged reservation property. After reviewing the complaint, the court is of the view that the allegations, given the nature of this proceeding, do not require revision (that is, greater particularization) in such regard; as is the situation with many of defendants' requested revisions, much of the information requested need not, in the court's view, be pleaded, and may be more properly obtained through discovery.
With regard to the citations requested by defendants, plaintiff generally has agreed to (not objected), and should, plead citations and official references to those laws and proceedings recited, detailed, and chronicled throughout the complaint.
Plaintiff does not object to defendants' revision requests #1, #26, #28, #29, #33, #34, #35, #36, #37, #38, #39, CT Page 9882 and #44. Accordingly, the complaint may be so revised.
After full hearing, it is hereby ordered as follows on the plaintiff's objections to remaining requests to revise:
Objection No. 2 Sustained
Objection No. 3 — the partial objection is: Sustained
Objection No. 4 — the partial objection is: Sustained
Objection No. 5 Sustained
Objection No. 6 Sustained
Objection No. 7 — the partial objection is: Sustained
Objection No. 8 Overruled
Objection No. 9 Overruled
 Objection No. 10 — as to request for particular dates: Overruled
Objection No. 10 — as to balance of request: Sustained
Objection No. 11 Overruled
 Objection No. 12 — as to request for particular dates: Overruled
Objection No. 12 — as to balance of request: Sustained
Objection No. 13 — With regard to:
(a) Identification of "Tribal lands";
 (b) Requested particularization of "stole tribal property and funds"; and,
 (c) Requested factual particularization on how accounts rendered were inaccurate and fraudulent"; the objection is: Overruled CT Page 9883
As to the balance of request: Sustained
Objection No. 14 Sustained
 Objection No. 15 — as to complete and proper citation: Overruled
Objection No. 15 — as to balance of request: Sustained
Objection No. 16 Sustained
 Objection No. 17 — as to request for particular dates: Overruled
Objection No. 17 — as to balance of request: Sustained
Objection No. 18 Sustained
Objection No. 19 — the partial objection is: Sustained
Objection No. 20 — the partial objection is: Sustained
 Objection No. 21 — as to request for particular dates: Overruled
Objection No. 21 — as to balance of request: Sustained
 Objection No. 22 — as to request for particular dates: Overruled
Objection No. 22 — as to balance of request: Sustained
Objection No. 23 Overruled
Objection No. 24 Sustained
Objection No. 25 Overruled
Objection No. 27 — the partial objection is: Sustained
Objection No. 30 — the partial objection is: Sustained
Objection No. 31 Sustained CT Page 9884
 Objection No. 32 — as to complete and proper citation: Overruled
Objection No. 32 — as to balance of request: Sustained
Objection No. 40 — the partial objection is: Sustained
Objection No. 41 Sustained
Objection No. 42 Sustained
Objection No. 43 Sustained
Objection No. 45 Sustained
 Objection No. 46 — as to complete and proper citation: Overruled
Objection No. 46 — as to balance of request: Sustained
 Objection No. 47 — as to statutory section and sub-section: Overruled
Objection No. 47 — as to balance of request: Sustained
Objection No. 48 Sustained
Objection No. 49 Overruled
Objection No. 50 Overruled
Objection No. 51 Overruled
Objection No. 52 Overruled
Objection No. 53 Overruled
Objection No. 54 Overruled
Objection No. 55 Overruled
Objection No. 56 Overruled
Objection No. 57 Overruled CT Page 9885
Objection No. 58 Overruled
Mulcahy , J.