[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #197
The factual and procedural history of this case has previously been set forth by the court in its Memorandum of Decision Re: Motion for Summary Judgment, dated March 23, 1995, Cocco, J. (denying defendants' motion for summary judgment), and the court now adopts that history for purposes of this Memorandum of Decision.
The plaintiffs filed an amended complaint, dated March 29, 1994, adding Ms. Mattie M. Towns as a party plaintiff. The defendants did not object to the amended complaint, and did not file a request to revise. The defendants filed this motion to strike on April 17, 1995, seeking to strike various segments of the plaintiffs' amended complaint. The defendants move to strike: (1) "any elements of the Plaintiffs' Complaint wherein the Plaintiff, Hawthorne, appears to allege an individual right to receive damages"; (2) "the allegations in Paragraphs 34-41 which are improper" and legally insufficient; and (3) "so much that appears to include Mattie M. Towns as a plaintiff for the reason that Ms. Towns has never filed a motion to implead herself into these proceedings and therefore is an improper party." Defendants' Memorandum, 1. The plaintiffs filed a one page opposition memorandum on April 26, 1995, asserting that the defendants "have not stated with particularity" what should be stricken from the complaint and have offered no legal authority for striking the particular sections they seek stricken. The CT Page 14006 plaintiffs also pointed out that the defendants never previously objected to the inclusion of Ms. Towns as a plaintiff.
 A.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC,Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In considering a motion to strike, courts "construe the facts alleged in the complaint in a light most favorable to the pleader." RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Westport Bank Trust v. Corcoran, Mallin Aresco,221 Conn. 490, 495-96, 605 A.2d 862 (1992).
 B.
The defendants contend that all portions of the plaintiffs' complaint should be stricken which "appear to allege an individual right to receive damages" by plaintiff Hawthorne. Courts have no authority to grant motions to strike against paragraphs or segments of a complaint which do not purport to set forth an entire cause of action. Practice Book § 152.[1] If a defendant desires to have certain paragraphs within a complaint deleted because they are deemed irrelevant or immaterial, the proper vehicle is not a motion to strike, but a request to revise. See, e.g., Yale University School of Medicine/Office ofProfessional Services v. Wurtzel, Superior Court, judicial district of New Haven at New Haven, Docket No. 275314 (April 9, 1991, Mihalakos, J., 3 Conn.L.Rptr. 520, 521); Kinosh v. StephenChevrolet, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 506307 (February 10, 1993, Dunn, J.); Practice Book § 147.
In support of their motion to strike all segments of the plaintiffs' complaint which "appear to allege an individual right to receive damages", the defendants state that, because of the manner in which the amended complaint is drafted, "it is difficult to discern whether or not the Plaintiff, Hawthorne, is bringing a cause of action in his individual capacity[.]" Defendants' Memorandum, p. 2. This is a classic situation in which a request to revise should have been filed under Practice CT Page 14007 Book § 147(1).[2]
 C.
The defendants have also moved to strike paragraphs 34 through 41 of the first count of plaintiffs' complaint on the grounds that those paragraphs do not conform with the Court's Memorandum of Decision Re: Motion for Summary Judgment, dated March 23, 1995, Cocco, J., and that they are separate causes of action which are legally insufficient. In reading the March 23, 1995, Memorandum of Decision, there is no indication that the court stated those counts were amenable to a motion to strike. Rather, the Memorandum of Decision, which denied the defendants' motion for summary judgment, stated that "[i]f the defendants sought to challenge the inclusion of some of the allegations contained in paragraphs 34 through 41, they should have used oneof the other Practice Book motions to do so." (Emphasis added.) Memorandum at 8. A request to revise would have been the proper means to separate out those paragraphs in order to set them up for a subsequent motion to strike. See Practice Book § 147(3).
In Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988), the Connecticut Supreme Court stated that, where one count of a complaint contains separate causes of action which make that count confusing, "the proper way to cure any confusion in that regard is to file a [request] to revise, not a motion to strike[.]" Id. The Rowe Court correctly observed that, had the defendants therein filed a request to revise that was "granted and complied with, the defendants would then have been in a position to move to strike any count of the plaintiffs' revised complaint . . . in which the plaintiff was unable to allege the necessary prerequisites." Id. Likewise, in the instant case, the defendants should have filed a request to revise in order to separate any causes of action which may have been "improperly combined in one count"; Practice Book § 147(3).
 D.
Finally, the defendants have moved to strike "so much that appears to include Mattie M. Towns as a plaintiff for the reason that Ms. Towns has never filed a motion to implead herself into these proceedings and therefore is an improper party." Defendants' Memorandum, 1. For the same reasons indicated above, the court will not grant a motion to strike various segments of a complaint which do not purport to allege a separate and distinct CT Page 14008 cause of action. See Practice Book § 152. As aforesaid, the proper mechanism would have been to file a request to revise to set up the complaint for a subsequent motion to strike. Rowe v.Godou, supra, 209 Conn. 279; Practice Book § 147. Here, the plaintiffs filed an amended complaint, dated March 29, 1994, which added Ms. Towns as a party plaintiff. The defendants, admittedly, did not object to her addition as a plaintiff. Defendants' Memorandum, p. 1, ¶ 2. Nor did they file a request to revise. The defendants' objection to Ms. Towns' inclusion in the complaint comes too late and in an improper form.
For the foregoing reasons, the defendants' motion to strike is denied in its entirety.
THE COURT
MAIOCCO, J.