MEMORANDUM OF DECISION ON PLAINTIFF’S OBJECTION TO DEFENDANT’S REQUEST TO REVISE
EAGAN, Judge.
FIRST REQUESTED REVISION
The first requested revision seeks to have Paragraphs 11, 12, 13, 14, 15, 16, 18, *559 19, 20, 21, 22, 23, 40, 49 deleted in their entirety. The common ground stated for this revision is that each paragraph merely recites a portion of the Mohegan Ordinance. The plaintiffs claim that no factual allegations are contained therein which can be either admitted or denied.
The court orders that the plaintiffs revise the above paragraphs to allege a factual nexus from the cited ordinances and the case at hand. If such a nexus is not alleged then the paragraphs must be deleted in their entirety. Section 19 of the Gaming Disputes Court Rules of Civil Procedure provides that the complaint shall contain a concise statement of the facts constituting the cause of action. Accordingly while the reference to a statute or ordinance is not per se irrelevant, it must have a sufficient factual nexus to allow the responding party to either admit, deny or leave the plaintiff to his proof of the allegation due to lack of knowledge. Mohegan Rules of Civil Procedure Section 23 a. SECOND REQUESTED REVISION
The second requested revision is granted by agreement of the parties and Paragraph 46 must be deleted in its entirety. THIRD REQUESTED REVISION
The third request to revise seeks to have the plaintiffs amend the complaint to state the date when the defendants allegedly failed to adhere to the mandates of MTO 2002-02. Since at this time, it appears that the information is within the knowledge of the defendant this Request is denied as premature but subject to the defendants’ reservation of rights to raise the statute of limitations defense in the form of a Motion for Summary Judgment. FOURTH REQUESTED REVISION
The fourth Request to Revise seeks to have the plaintiffs revise the complaint to allege the dates on when defendants refused to post competitive bid on maintenance contracts for the MTGA and the dates when defendants are alleged to have informed commercial tenants not to abide by the requirements of TERO.
The court grants the Fourth Request to Revise in that the alleged acts are of a very specific nature and the plaintiffs should have knowledge of an approximate date when these acts occurred if they have a good faith belief that such specific acts occurred. Rules Section 21 permits revision of a complaint to obtain “a more complete statement of the adverse party’s allegations.”
FIFTH REQUESTED REVISION
The fifth requested revision seeks a revision of Count One paragraph 54 to set forth the date when the plaintiffs were “prevented from bidding on ay and all contracts associated with maintenance, repair, restoration, upkeep and construction relating to HVAC in the MTGA.”
The fifth requested revision is granted since like the fourth, the paragraph alleges very specific conduct, which implies that the plaintiff should have knowledge of when the company was prevented from bidding. The question of when this act occurred is necessary to determine whether the defendant may have grounds for a Motion to Strike. Sherwood v. Danbury Hospital, No. 324786, 1997 WL 149335 (Conn. Super. Mar. 21 1997) citing Marshall v. Bessemer Trust Co., Superior Court, Judicial District of Litchfield, Docket No. 65718, 1995 WL 243426 (Conn.Super. April 18, 1995), Pickett, J. and Rowe v. Godou, 209 Conn. 273, 279, 550 A.2d 1073 (1988).
SIXTH REQUESTED REVISION
The sixth requested revision seeks to have the plaintiffs revise the complaint at Count One, paragraph 56 to set forth the date when a ten year long term contract was awarded to a third party, Johnson *560 Controls. Since at this time, it appears that the information is within the knowledge of the defendants this request is denied as premature but subject to the defendants’ reservation of rights to raise a statute of limitations defense in the form of a Motion for Summary Judgment.
SEVENTH REQUESTED REVISION
The seventh requested revision seeks to separate two causes of action listed in the heading, namely, Unfair and Deceptive Trade Practice and Implied Covenant of Good Faith and Fair Dealing. The Seventh Request to Revise is granted since Section 21(3) of the Mohegan Rules of Civil Procedure permits separation of improperly combined causes of action. Although there may be some overlap in the theories, the two concepts are distinct and should not be in one heading. The plaintiffs must choose which theory they are relying upon so that the defendants can properly respond to the cause of action.
EIGHTH REQUESTED REVISION
The eighth requested revision seeks to delete the recitation of the statutes of the complaint. The court orders that the plaintiff revise paragraphs 58, 59 and 60 to allege a factual nexus from the cited ordinances and the case at hand. If such a nexus is not alleged then the paragraphs must be deleted in their entirety. Section 19 of the Gaming Disputes Trial Court Rules of Civil Procedure provides that the complaint shall contain a concise statement of the facts constituting the cause of action. Accordingly while a reference to a statute or ordinance is not per se irrelevant, it must have a sufficient factual nexus to allow the responding party to either admit, deny or leave the plaintiffs to their proof of the allegation due to lack of sufficient knowledge.
TENTH REQUEST TO REVISE
There is apparently no Ninth Request to Revise, so the Court turns next to the Tenth Request to Revise. The tenth request to revise seeks to have the heading in Count Three “(Violation of Due Process and Equal Protection)” separated into two counts. Since a due process claim may have separate and distinct elements from and equal protection claim, the Tenth Request to Revise is granted.
ELEVENTH REQUEST TO REVISE
The Eleventh Request to Revise seeks to delete paragraph 63 in its entirety. The court denies the defendants’ Request to delete paragraph 63 because when read within the context of the entire Count Three a sufficient factual nexus is presented to which the defendant may respond. See Bethel v. Mohegan Tribal Gaming Authority, GDCA-T-98-500, 2 Am. Tribal Law 373, 2000 WL 35733912 (2000).
TWELFTH REQUEST TO REVISE
The twelfth request to revise seeks a revision to set forth the date of the action alleged in paragraph 64. Paragraph 64 provides “Plaintiffs, David Bartha and First American Mechanical were denied the right under TERO to bid on a maintenance project for work to be performed in the Mohegan Sun.” Since at this time, it appears that the information is within the knowledge of the defendants this request is denied as premature but subject to the defendants’ reservation of rights to raise a statute of limitations defense in the form of a Motion for Summary Judgment.
THIRTEENTH REQUEST TO REVISE
The thirteenth Request to Revise seeks to revise paragraph 65 to specify the date when the plaintiffs allege to have requested relief from the TERO commission to no avail. The revision also seeks to have the nature of the relief sought from the TERO *561 commissioner and the form of any request for relief. Both requests contained within the Thirteenth Request to Revise are granted. This information is necessary to establish the jurisdictional predicate of the case and is within the knowledge of the plaintiffs since the paragraph alleges action on their part.
FOURTEENTH REQUEST TO REVISE
The fourteenth request to revise seeks to revise paragraph 66 to set forth the date when defendant, William J. Velardo, “exercised his autonomous authority as President and CEO of the Mohegan Sun and individually awarded contracts to suppliers and contractors.”
Since at this time, it appears that the information is within the knowledge of the defendants this Request is denied as premature but subject to the defendants’ reservation of rights to raise a statute of limitations defense in the form of a Motion for Summary Judgment.
FIFTEENTH REQUEST TO REVISE
The fifteenth Request to Revise request that paragraph 68 should be revised so as to set forth the date when it is alleged that defendants “conspired to interfere with the competitive bidding process required by TERO.” Since at this time, it appears that the information is within the knowledge of the defendants this Request is denied as premature but subject to the defendants’ reservation of rights to raise a statute of limitations defense in the form of a Motion for Summary Judgment.
SIXTEENTH REQUEST TO REVISE
The Sixteenth Request to Revise states that the paragraph should be revised so as to set forth the date when it is alleged that defendant Velardo “unilaterally awarded contracts to individual contractors without first putting same to competitive bids.” Since at this time, it appears that the information is within the knowledge of the defendants this Request is denied as premature but subject to the defendants’ reservation of rights to raise a statute of limitations defense in the form of a Motion for Summary Judgment.
SEVENTEENTH REQUEST TO REVISE
The seventeenth Request to Revise seeks a revision of paragraph 70 to set forth the date when it is alleged that plaintiffs were “prevented from bidding” on projects. This information is necessary to establish the jurisdictional predicate of the case and is within the knowledge of the plaintiffs since the paragraph alleges action on their part. The Seventeenth Request is therefore granted.
EIGHTEENTH REQUEST TO REVISE
The Eighteenth Request to Revise seeks to revise Paragraph 72 to set forth the date when it is alleged that defendants “interfered with that business relationship”. The eighteenth request to revise is granted since the plaintiffs should have knowledge of when there was an interference with their business relationship. Since the laws of the Mohegan Tribe require compliance with time limits in order for the court to assert subject matter jurisdiction over claims that are asserted, see, e.g. Long v. Mohegan Tribal Gaming Authority, 1 G.D.R. 5, 1 Am. Tribal Law 385, 1997 WL 34678573 (1997) the time of the factual events is important to establish that the court has jurisdiction.
NINETEENTH REQUEST TO REVISE
The nineteenth request to revise is denied as Paragraph 77 seems to be alleging knowledge of a factual set of circumstances, namely that plaintiff, David Bar-tha was the majority stockholder of First American Mechanical, Inc., and that was the source of his personal income derived *562 from his employer, First American Mechanical, Inc.
There is sufficient factual allegation to which the defendants can respond.
TWENTIETH REQUEST TO REVISE
The twentieth Bequest to Revise seeks to revise paragraph 78 of the complaint to set forth the date when it is alleged that defendants “acted with requisite intent to inflict emotional distress ...” The twentieth request is denied as the allegation simply goes to the intent of the defendants and can be answered in responsive pleading.