[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #270
The plaintiffs, owners of units in the Breakwater Key Condominium development, bring this action against Breakwater Key Association, Inc. (Association), the condominium association; Breakwater Key, Inc., the declarant of the condominium; Sultan Realty Corp., the management company for the Association; and certain individuals who are principals, officers or directors of the various defendant corporations. The plaintiffs seek damages and injunctive relief for the wrongful acts allegedly committed by the defendants. The plaintiffs allege that these wrongful acts have caused them to incur excessive charges and expenses. CT Page 8826
On June 15, 1995, the defendants filed a motion to strike the plaintiffs' entire second revised complaint (#270). The defendants move to strike the entire second revised complaint on the ground that the plaintiffs are attempting to bring a shareholder derivative action without making prior demand on the board of directors, and without first receiving a refusal from the directors of the corporation. The defendants also move to strike the second revised complaint on the ground that the plaintiffs fail to allege that they are maintaining an action on behalf of the corporation, and that the benefits of their action would inure to the corporation.
On June 20, 1995, the plaintiffs filed a memorandum in opposition to the defendants' motion to strike in which they argue that shareholders can proceed directly with a derivative suit and need not make demand upon the directors if there is a claim that demand would be futile because the directors have profited from the underlying wrongful acts and transactions as alleged in the complaint. The plaintiffs also argue that the present motion to strike (#270) should be denied because it is the second motion to strike brought against their second revised complaint, and that filing two separate motions to strike is contrary to the rules of practice. The plaintiffs point out that the first motion to strike the second revised complaint (#231) was denied by the court, Thim, J., on April 25, 1995.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278, 550 A.2d 1073
(1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161, 171,540 A.2d 1185 (1988).
The plaintiffs, in objecting to the present motion to strike, argue that it is the second motion to strike brought by the defendants against the second revised complaint, and argue that the filing of repeated motions to strike is not authorized by the Practice Book. In Hartke v. Schwartz, 11 Conn. L. Rptr. 203 (April 18, 1994) (Hodgson, J.), the court stated that "repeated motions to strike are not authorized by the Rules of Practice and . . . a CT Page 8827 defendant that fails to raise all grounds in his initial motion to strike is precluded from asserting other grounds in a piece meal fashion in additional motions to strike." Id. The court further stated that "[s]ince the Practice Book provides for the assertion of multiple grounds in a single motion to strike, and since it further provides that pleadings are to advance after the adjudication of each enumerated pleading, the defendant may not delay the progress of the suit by dividing his grounds and pleading them in successive, multiple motions to strike." Id.
Judge Hodgson's approach to multiple motions to strike makes good sense in terms of case management and judicial economy. Nevertheless, the court will consider the substantive grounds raised in the present motion to strike because if the court were to deny the present motion based on the plaintiffs' procedural objection, the defendants might attempt to raise their arguments by way of a subsequent motion for summary judgment.
The defendants argue that the entire second revised complaint is legally insufficient because the plaintiffs fail to allege: (1) that they made demand upon the directors of the corporation; (2) that their demand was refused by the directors; and (3) that they are bringing the present action on behalf of the corporation, with the benefits of such action to inure to the corporation.
Upon careful review of the second revised complaint, it is submitted that the plaintiffs do not allege that they are shareholders of a stock corporation, nor do they allege that they own shares of stock in either the defendant corporations or in the corporations in which the individual defendants allegedly serve as officers or directors. The plaintiffs merely allege that they are "unit owners" in a condominium development.
"The Common Interest Ownership Act [General Statutes § 47-200
et seq.] is a comprehensive legislative scheme regulating all forms of common interest ownership . . . ." Nicotra Wieler InvestmentManagement, Inc. v. Grower, 207 Conn. 441, 447, 541 A.2d 1226
(1988). Section 47-204 (b) provides in pertinent part: "[i]n a condominium or planned community . . . (1) [i]f there is any unit owner other than a declarant, each unit that has been created, together with its interest in the common elements, constitutes for all purposes a separate parcel of real property." With respect to condominiums, a unit owner "enjoys exclusive ownership of his individual apartment or unit, holding a fee simple title thereto, while retaining an undivided interest, as a tenant in common, in CT Page 8828 the common facilities and areas of the building . . . ." 15A Am.Jur.2d, Condominiums, § 1, p. 831. "Each unit owner holds title to his unit in fee simple absolute, and he is entitled to the exclusive ownership and possession of his unit which, together with each undivided interest in the common areas and facilities, is heldto constitute real property." (Emphasis added.) Id., § 38, p. 867-68. Stock ownership does not ordinarily apply to condominium unit owners because "in condominiums, individuals take title to their units, while in co-operatives, individuals have stock ownership in the co-operative and the right of occupancy of a specific unit." Id., § 4, p. 831. Thus, based on the facts alleged in the complaint, the plaintiffs are "unit holders" that own fees simple in their respective units, as opposed to shareholders in a corporation that own shares of stock.
Curiously, the defendants inject corporate issues into the present case, as they argue in the text of their supporting memorandum of law that the plaintiffs are "unit owners andshareholders of the Breakwater Key Association, Inc.," and that "the plaintiffs' case is essentially a shareholder derivative action and has been characterized as such by the plaintiffs themselves." (Emphasis added.) Based on a reasonable interpretation of the second revised complaint, it is painfully obvious that the present case has nothing to do with shareholders, shares of stock, or stock corporations. Thus, based on the complaint at issue, the rule that prior demand must be made on the directors of a corporation (or alternatively, that the plaintiffs must plead demand futility in their complaint) is not applicable to the present case.
Even if the plaintiffs have "characterized" the present case as a shareholder derivative action (either at oral argument or in one of their briefs), such a characterization is essentially meaningless. As previously stated, the facts alleged in the complaint have nothing to do with shareholders and shares of stock, and the court is limited to consideration of only those facts alleged in the complaint. See Rowe v. Godou, supra, 209 Conn. 278. Any facts which may exist as to shareholders or shares of stock constitute facts outside of the pleadings that cannot be considered in the context of the present motion to strike. See LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
Accordingly, the defendant's motion to strike is denied. CT Page 8829