[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, Sharon Cain, Ronniece Cain (minor), Clinton Cain (minor), Rebecca Torres, Edwin Torres, Secely Torres (minor), Joscelyn Torres (minor), and Rebecca B. Torres (minor), filed their first six count complaint on December 7, 1998, alleging that the defendants, Geraldo Canto, Mayor John DeStefano, Jr., the City of New Haven, Lawrence Hall, Community Housing Corporation, Inner City Development Corporation, Urban Development Associates, Inc., J.R. Property Management, Inc. d/b/a Rosenberry Construction, James Rosenberry, Michael P. Jayne, PMG Construction Inc., and Sybil Richards, were in charge of a homebuying program sponsored by the City of New Haven and the Department of Housing and Urban Development. The plaintiffs allege that the defendants misrepresented themselves to the plaintiffs, engaged in "flipping of the property" to realize a profit markup, failed to fulfill the contracts for sale regarding rehabilitation of the houses, violated "the regulations applicable to recipients of CDBG funds," failed to disclose conflicts of interest, and performed the rehabilitation work in an unworkmanlike manner. (Revised Complaint, Count One, ¶¶ 26 — 84.) The plaintiffs further allege that due to the defendants' actions, the plaintiffs suffered large financial detriment and emotional distress. On May 4, 1999, the plaintiffs filed an amended six count complaint and on May 5, 1999, the defendants filed a request to revise the plaintiffs first complaint. On May 25, 1999, the plaintiffs filed their objection to the defendants' request to revise, which was sustained by the court (Blue, J.) on June 15, 1999.
On May 25, 1999, the plaintiffs filed a revised eight count complaint. On August 5, 1999, the defendant, Geraldo Canto, filed a motion to strike the first count of the plaintiffs' revised complaint. As required by Practice Book § 10-42, the defendant filed a memorandum in support of his motion to strike and the plaintiffs filed a timely memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal CT Page 16338 quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In deciding upon a motion to strike or a demurrer, a trial court must take the facts to be those alleged in the complaint . . . and cannot be aided by the assumption of any facts not therein alleged." (Citations omitted; internal quotation marks omitted.) LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990).
The defendant argues in his memorandum in support of his motion to strike that the portion of count one of plaintiffs' revised complaint that raises General Statutes § 53-393 et seq. is invalid. "In pleading a claim grounded upon CORA (General Statutes § 53-393 et seq.), the plaintiffs have embarked upon a cause of action premised upon a criminal statute. Furthermore in doing so, they are in effect seeking a private remedy through the use of a statute which by its very language does not provide for such a remedy." (Motion to Strike, August 5, 1999.)
The plaintiffs first count of their revised complaint sounds in RICO (18 U.S.C. § 1961 et seq.) and CORA. The defendant's motion to strike only concerns the CORA provision in count one and does not question the sufficiency of the RICO claim brought under count one. "[I]f part of a count is viable, it is not subject to a motion to strike." Farago v. Pfizer, Inc., Superior Court, judicial district of New London at New London, Docket No. 524911 (May 18, 1993, Teller, J.).[1]
Here, due to the fact that the defendant only challenges one of two causes of action included in count one "the proper way to cure any confusion in that regard is to file a motion to revise, not a motion to strike. . . ." Rowe v. Godou, 209 Conn. 273, 279,550 A.2d 1073 (1988). Therefore, the defendant's motion to strike count one is denied because it is improper due to the fact that part of count one includes a viable cause of action.
Count one of the plaintiffs' revised complaint states more than one cause of action, of which only one is challenged by the defendant's motion to strike. Further, a motion to strike a count is not proper if any of the count is viable. Therefore, the motion to strike count one of the plaintiffs' revised complaint is denied.
Howard F. Zoarski Judge Trial Referee CT Page 16339