[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1839
The plaintiff, 1000 Silas Deane Highway filed a two count revised complaint against the defendant Elite Beverage, Inc. et al [Elite] alleging the following: (1) that Elite failed to pay rent which was due; (2) that the plaintiff terminated Elite's tenancy and commenced summary process action; (3) that there was a stipulated judgment in which the plaintiff agreed to a stay of execution and Elite agreed to make use and occupancy payments; (4) that Elite failed to make the payments and the plaintiff executed the judgment and obtained possession of the premises. The plaintiff alleges that it has been damaged.
The plaintiff further alleges that the defendant Stefandl had guaranteed the performance by Elite and breached that guarantee.
Elite filed an answer and a three count-counterclaim alleging the following; (1) interference with contractual relationship; (2) abuse of process and (3) declaratory judgment. At oral argument Elite withdrew the third count, Declaratory Judgment.
The plaintiff moved to strike the counterclaims alleging failure to state claims upon which relief can be granted. In considering a motion to strike, the court must take as true the facts alleged . . . and must construe the complaint in the manner most favorable to sustaining its legal sufficiency. If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Peter Michael,Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71 709 A.2d 558 (1998). C.P.B. § 10-1 requires that each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved. This includes the facts necessarily implied and fairly provable under the allegations . . . S.M.S. Textile v. Brown Jacobson, etc. PC, 32 Conn. App. 786, 796
[1993].
1. INTERFERENCE WITH CONTRACTUAL RELATIONSHIP
The plaintiff moves to strike the first counterclaim on the grounds that Elite failed to allege the following: (1) that the plaintiff knew of the existence of a contractual relationship; (2) the plaintiff intentionally interfered with that relationship; and (3) that the plaintiff's conduct was fraudulent and malicious. Furthermore that Elite did not allege that the institution of punishment and eviction proceedings by the plaintiff had terminated in the plaintiff's favor. Elite responds that it has alleged sufficient facts to state counterclaims upon which relief can be granted. CT Page 1840
In Connecticut there are two actions for tortious interference with contract, negligent interference with contractual relations and intentional interference with business relations. "Negligent interference with contractual relations requires privity of contract between the plaintiff and the defendant." Blake v. Levy, 191 Conn. 257, 259, 464 A.2d 52
(1983). In the present case it is alleged that the plaintiff leased premises to Elite and entered into a guaranty agreement in connection with the lease, with the defendant Stefandl. This is sufficient if true, to show privity of contract between the plaintiff and the defendants.
"The elements for intentional interference with contract or business relations include the existence of a business relationship, an intentional and improper interference with that relationship and a resulting loss." Blake v. Levy Id. A plaintiff must prove that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, (misrepresentation, intimidation or molestation..., or that the defendant acted maliciously.
In support of the motion to strike the first counterclaim the plaintiff further claims that Elite failed to allege the following: (1) intentional interference with any business relationship or how or why the plaintiff's lawful exercise of its rights under the lease was malicious or fraudulent and (2) any facts if true would show any improper motivation on the plaintiff's part to interfere with Elite's business relationships. Elite has alleged sufficient facts, if true to support a cause of action. Elite has alleged that the plaintiff misrepresented that a valid debt was owed. Elite also alleged that the plaintiff garnished accounts receivable and improperly used the prejudgment remedy.[1] Elite further alleged that the garnishment of the accounts resulted in a loss to Elite, specifically the closing of Elite's business.
Elite has alleged sufficient facts if true, to support a claim for negligent interference and intentional interference. The proper way to cure any confusion regarding the nature of what is being pleaded is to file a motion to revise. Rowe v. Godou, 209 Conn. 273, 17d, 550 A.2d 1073
(1988)
2. ABUSE OF PROCESS
The plaintiff moves to strike Count II of the counterclaim on the grounds that there are no allegations that the plaintiff instituted garnishment and eviction proceedings against Elite and Stefandl primarily to accomplish a purpose for which such proceedings were not designed.
An action for abuse of process lies against any person using a legal CT Page 1841 process against another in an improper manner or to accomplish a purpose for which it was not designed . . . because the tort arises out of the accomplishment of a result that could not be achieved by the proper and successful use of process. The Restatement Second (1977) of Torts, § 682, emphasizes that the gravamen of the action for abuse of process is the use of "a legal process . . . against another primarily to accomplish a purpose for which it is not designed . . . ." Comment b to § 682 explains that the addition of "primarily" is meant to exclude liability "when the process is used for the purpose for which it is intended but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant." [Citations omitted; internal quotation marks omitted.]North Western v. Estate, No. CV 98 0164835 [April 10, 2000) Andrea J., quoting Mazochi v. Bech, 204 Conn. 490, 494, 529 A.2d 171 (1987)
In the present case Elite in its counterclaim alleges that Elite was entitled to a rent abatement as a result of a fire at the leased premises. Elite further alleges that the plaintiff used a summary process eviction action, a forced Stipulation to Judgment and an ex parte Prejudgment Remedy [PJR][2] to garnish the account receivables of Elite for the purpose of avoiding the abatement.
Therefore, Elite has alleged facts which if true are legally sufficient to state claims upon which relief can be granted.
The Motion to Strike is denied.
Crawford, J.